WELLS v. LINCOLN. LINCOLN v. WELLS.

In re WENATCHEE HEIGHTS ORCHARD CO.

(Circuit Court of Appeals, Ninth Circuit. May 11, 1914.)

No. 2358.

1 BANKRUPTCY (§ 467*)—PROVABLE CLAIMS—OFFICER OF BANKRUPT CORPORATION.

The finding of a referee, confirmed by the District Court, allowing the claim of an officer of a corporation against its estate in bankruptcy, affirmed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. § 467.*]

2. BANKRUPTCY (§ 360*)—ALLOWANCE OF CLAIMS—EFFECT OF RECEIPT OF PREFERENCE OR FRAUDULENT CONVEYANCE.

Under the provisions of Bankr. Act July 1, 1898, c. 541, § 57g, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), as amended by Act Feb. 5, 1903, c. 487, § 12, 32 Stat. 799 (U. S. Comp. St. Supp. 1911, p. 1503), that claims of creditors who have received voidable preferences, or to whom conveyances, transfers, assignments, or incumbrances, void or voidable under section 67e, have been made or given, "shall not be allowed unless such creditors shall surrender such preferences, conveyances," etc., and of section 65a, that "dividends of an equal per cent. shall be declared and paid on all allowed claims except such as have priority or are secured," the fact that a creditor received a conveyance of property from a bankrupt with intent to hinder, delay, or defraud other creditors, does not authorize the court, after he has reconveyed such property to the trustee and his claim has been allowed, to postpone its payment until other creditors have been paid in full.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 547; Dec. Dig. § 360.*]

Appeals from the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the Wenatchee Heights Orchard Company, bankrupt. Cross-appeals by L. V. Wells and J. B. Lincoln, trustee, from an order (209 Fed. 84) allowing the claim of said Wells, but postponing its payment until payment of all other claims. Modified on appeal of claimant, and, as modified, affirmed.

See, also, 212 Fed. 787.

Corwin S. Shank and Horatio C. Belt, both of Seattle, Wash., for claimant.

Raymond D. Ogden, and Walter Schaffner, both of Seattle, Wash., for trustee.

Before GILBERT and ROSS, Circuit Judges, and DIETRICH, District Judge.

ROSS, Circuit Judge. These are cross-appeals—the trustee complaining of the judgment of the court below approving the order of the referee in bankruptcy allowing the claim of the appellant against the bankrupt's estate, and the appellant and claimant Wells contending that the judgment is erroneous, in that, while approving the order of the referee allowing Wells' claim in the sum of $56,389.16 against the estate, it denied him "the right to receive any dividends on his said claim out of the proceeds realized" from certain property afterwards to be mentioned, until the claims of all other creditors of the bankrupt should be fully satisfied.

[1] In respect to the appeal of the trustee, it is sufficient to say that both the referee and the court below found against the contention that the claim of Wells was invalid, with which conclusion the evidence does not justify us in interfering.

[2] The property referred to was property conveyed by a certain corporation, styled "Wenatchee Heights Orchard Company," in which Wells was largely interested, and of which he and one McPherson had control, to another corporation, styled "Summit Investment Company," which they caused to be incorporated, and which they also controlled, for the purpose, as the referee found from the evidence in the case, of hindering and delaying the other creditors of the Wenatchee Heights Orchard Company in the collection of their demands, but which the court below, in reviewing the evidence, held was done for the purpose, on the part of Wells and his associate, of defrauding the other creditors of the Wenatchee Heights Orchard Company. The record shows that subsequent to the adjudication of the Wenatchee Heights Orchard Company as a bankrupt all of the said property was reconveyed to the trustee by the Summit Investment Company mainly through the action of Wells.

Assuming, as the court below held in effect, that there was actual fraud on Wells' part in the transfer of the property from the Wenatchee Heights Orchard Company to the Summit Investment Company, the real question in the case is whether that fraudulent intent of Wells justifies the postponement of his adjudged valid claim against the bankrupt's estate until after the claims of all of its other creditors are fully satisfied. We are of the opinion that the existing Bankruptcy

Act, as well as the decisions of the courts, requires a negative answer to the question.

The Bankruptcy Act of 1867 as originally enacted did by section 39 thereof provide that, where an insolvent debtor should be adjudged a bankrupt under its provisions, the assignee in bankruptcy might recover back the money or other property paid, conveyed, sold, assigned, or transferred contrary to the provisions of the act, "provided the person receiving such payment or conveyance had reasonable cause to believe that a fraud on this act was intended, or that the debtor was insolvent, and such creditor shall not be allowed to prove his debt in bankruptcy." Act March 2, 1867, c. 176, 14 Stat. 536. The latter proviso was by the act of June 22, 1874 (18 Stat. 178, 181, c. 390), so amended as to read as follows:

"Provided, that the person receiving such payment or conveyance had reasonable cause to believe that the debtor was insolvent, and knew that a fraud on this act was intended; and such person, if a creditor, shall not, in cases of actual fraud an his part, be allowed to prove for more than a moiety of his debt; and this limitation on the proof of debts shall apply to cases of voluntary as well as involuntary bankruptcy."

So, as correctly stated for the appellant Wells, the framers of the present Bankruptcy Act had before them the original act of 1867, providing that in case of actual fraud on the part of a creditor he should lose his entire debt, as well as the amendment of 1874, reducing such penalty in such cases to one-half of the debt; and yet, in passing the present act, Congress omitted any such provision, and while declaring void, as it did by section 67 (e), all conveyances, transfers, assignments, and incumbrances of property made "with the intent and purpose * * * to hinder, delay, or defraud * * * creditors," regardless of any such fraud, or of any fraud in connection with an attempt to obtain a preference, provided in effect that all valid claims against the bankrupt should stand on an equal footing after the surrender of all preferences and fraudulent conveyances that had been obtained—section 57 (g) of the present act expressly declaring that "the claims of creditors who have received preferences, voidable under section sixty, subdivision b, or to whom conveyances, transfers, assignments, or incumbrances, void or voidable under section sixty-seven, subdivision e, have been made or given, shall not be allowed unless such creditors shall surrender such preferences, conveyances, transfers, assignments, or incumbrances;" and section 65 (a) providing that "dividends of an equal per centum shall be declared and paid on all allowed claims, except such as have priority or are secured"—the bankruptcy courts being given by section 2 (2) power to "allow claims, disallow claims, reconsider allowed or disallowed claims, and allow or disallow them against bankrupt estates." Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418).

In Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790, after alluding to the fact that Congress plainly intended by the amendment of June 22, 1874, of the act of 1867, to make a change in the rigor of the rule previously obtaining, the Supreme Court distinctly held that it cannot be assumed that it intended to inflict the penalty formerly imposed because the present act contains the

provision that "the claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences," saying (197 U. S. at page 373, 25 Sup. Ct. 449, 49 L. Ed. 790):

"When, therefore, Congress, in adopting the present act, omitted to re-enact the provision of the act of 1867 from which alone the penalty or forfeiture arose, it cannot in reason be said that the omission to impose the penalty gives rise to the implication that it was the intention of Congress to re-enact it. In other words, it cannot be declared that a penalty is to be enforced because the statute does not impose it."

In the case last cited the Supreme Court further said (197 U. S. page 363, 25 Sup. Ct. 445, 49 L. Ed. 790):

"It is argued, however, that courts of bankruptcy are guided by equitable considerations, and should not permit a creditor who has retained a fraudulent preference until compelled by a court to surrender it to prove his debt, and thus suffer no other loss than the cost of litigation. The fallacy lies in assuming that courts have power to inflict penalties although the law has not imposed them."

See, also, Page v. Rogers, 211 U. S. 575, 29 Sup. Ct. 159, 53 L. Ed. 332.

In its last act upon the subject, Congress seems indeed to have proceeded upon the principle applicable to courts of equity thus expressed by the Supreme Court in the case of U. S. Rubber Co. v. American Oak Leather Co., 181 U. S. 434, 452, 21 Sup. Ct. 670, 677 (45 L. Ed. 938):

"There is a wide difference between the case of a fraud ab initio, such, for instance, as a scheme to enforce a false or pretended indebtedness, so as to remove the assets of an alleged debtor from the reach of his bona fide creditors, and the case of an attempt by bona fide creditors to secure preferences for themselves, but using methods forbidden by statute or by the policy of law. In the former case, undoubtedly, a court of equity will refuse to permit the guilty parties to derive any profit or advantage from the fraudulent arrangement. In the latter case, a court of equity will not declare a forfeiture of just debts, or, by postponing them till all other creditors are satisfied, practically confiscate them, but will, while defeating the attempt to obtain a forbidden preference, leave such creditors to use and enjoy the same rights and remedies possessed by other creditors."

The cause is remanded to the court below, with directions to strike out the modification therein made of the referee's order, and, as thus modified, the judgment will stand affirmed, with costs in favor of the appellant, L. V. Wells, and against the appellee, J. B. Lincoln, as trustee in bankruptcy of the estate of Wenatchee Heights Orchard Company, a corporation, bankrupt.