(41 Misc. Rep. 293.)

### McNULTY et al. v. MITCHELL et al.

(Supreme Court, Special Term, New York County.   August, 1903.)

1. DEATH—PRESUMPTION—TITLE TO REALTY.

Where property was sold in partition in 1903, and it appeared that a single man of the age of 30 in 1860, and in poor health and of dissipated habits, to whom the property would have descended if he had lived, had not been heard from since 1860, though efforts had been made to find him, the purchaser at the partition sale should be compelled to take the title.

2. SAME.

An unexplained absence of a single man for 43 years, with evidence of an attempt to discover him, if living, raises the presumption of death, and that he left no heirs surviving him.

Action by Mary F. McNulty and others against William A. Mitchell and others.   Motion to compel purchaser in partition to complete his purchase.   Granted.

R. & E. J. O'Gorman, for the motion.
Philip S. Dean, for purchaser, opposed.

GIEGERICH, J.   The purchaser of property sold at a partition sale refuses to take title on the ground that there is no evidence of the death, unmarried and without issue, of one John Mullany, to whom, or to whose issue, if living, the entire property would belong. In 1858, being then about 30 years of age, Mullany was living in this city with his mother, his brother, William, and his sister, Mary.   His habits were irregular, and he was partially supported by his mother. In the latter part of the year 1858 he went to Philadelphia, where it appears he remained for about two years, continuing his irregular and dissipated habits, being, when last heard from in the year 1859 or 1860, in poor health, and suffering from a disease generally regarded as incurable and an impediment to marriage.   Previous to his disappearance from Philadelphia he had urged a companion to go with him into the West, and a year or two afterward a report came back that he had been killed there in a duel with a cowboy.   At intervals his family made unavailing efforts to trace and discover him.   In the year 1900 an advertisement for information concerning his whereabouts was inserted for several days in a Philadelphia paper, but no response was received.   Upon these facts I think the purchaser should be compelled to take the property under the decisions in Ferry v. Sampson, 112 N. Y. 415, 20 N. E. 387, and McComb v. Wright, 5 Johns. Ch. 263.   In Vought v. Williams, 120 N. Y. 253, 24 N. E. 195, 8 L. R. A. 591, 17 Am. St. Rep. 634, in a case where the purchaser was relieved of his contract, it was nevertheless said, at page 260, 120 N. Y., page 197, 24 N. E., 8 L. R. A. 591, 17 Am. St. Rep. 634: "There must be some point of time, of course, when the presumption of death would arise, but we have been referred to no case in this state in which that presumption has prevailed where the absence was

¶ 2. See Death, vol. 15, Cent. Dig. § 2;  Descent and Distribution, vol. 16, Cent. Dig. § 233.

less than forty years." In the present instance we have an absence of 43 years of a man of dissipated habits and impaired health when last heard from, and already over 30 years of age. He knew of the existence of this property, in which he would, in the natural course of events, have a share, and a portion of the income of which he had received. This would act as a constant incentive to his return, or the return of his widow or children, if any. Rumors of his death had come back from the West. Fruitless search had been made for him by his family, the members of which had become satisfied of his death. Under these circumstances, I think there is no reasonable doubt that he is dead, and has left no issue surviving him. The motion should therefore be granted, but without costs.

Motion granted, without costs.