PATRICK TROY & another *vs.* JOSEPH RUDNICK & another.

Suffolk.　March 3, 1908. — May 20, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Bankruptcy,* Discharge, Schedule of creditors.　*Evidence,* Self-serving statements. *Practice, Civil,* Exceptions.

Where the defendant in an action of contract sets up in defense a discharge in bankruptcy, and it appears that, as a matter of law, the claim of the plaintiff was not "duly scheduled" under § 7, cl. 8, of the bankruptcy act of 1898, and § 17, cl. 3, as amended by U. S. St. 1903, c. 487, he is not harmed if the presiding judge submits to the jury the special question, whether the claim was "duly . scheduled," and the jury answer "No."

Copartners doing business under the firm name of T. Brothers & Company, with a place of business at 87–91 H. Street in Boston, and with no place of business at number 59 on that street, were payees of a promissory note of which a bankrupt was the maker, and the bankrupt described them in his schedule merely as "T. Bros., 59 H. St." The bankrupt procured his discharge in bankruptcy and thereafter the payees of the note brought an action of contract against him on the note. At the trial, evidence was introduced by the plaintiffs tending to show that they had received no notice and had had no actual knowledge of the bankruptcy proceedings in time for their claim to be proved and allowed, and the defendant's evidence tended to show that the plaintiffs often were referred to as T. Brothers and that mail addressed to them under that name at any place on H. Street would in all probability be delivered to them. The presiding judge under appropriate instructions submitted to the jury the specific question : " Did [the plaintiffs] have notice or actual knowledge of the bankruptcy proceedings ? " The jury answered " No," and found for the plaintiffs. *Held,* that, as a matter of law, the plaintiffs were not " duly scheduled " by the bankrupt in accordance with the requirements of the bankruptcy act of 1898, § 7, cl. 8, and therefore, the jury having found that the plaintiffs had no notice or actual knowledge of the bankruptcy proceedings, the discharge was inoperative as to them under § 17, cl. 3, as amended by U. S. St. 1903, c. 487.

Where, at the trial of an action, the plaintiff introduces in evidence a document, which he had filed in another proceeding, merely to prove, by the fact of its having been filed, that he had not waived rights which in the document he had insisted on, and states to the presiding judge that he did not offer it as proof of the truth of certain self-serving statements therein, and the presiding judge, in admitting it, and also later, instructs the jury that such statements in the document are not to be considered as evidence of their truth, the defendant is not prejudiced by the admission of the evidence, and an exception by him must be overruled.

At the trial of an action of contract in which the defendant set up as a defense a release from the claim by a discharge in bankruptcy, it appeared that the claim was not "duly scheduled " as required by the bankruptcy act of 1898, and that the plaintiff had neither notice nor actual knowledge of the bankruptcy proceedings until after an offer of composition by the bankrupt had been confirmed by the bankruptcy court and all payments thereunder had been made

by the bankrupt, when, while the bankruptcy proceedings still were pending, the plaintiff petitioned the bankruptcy court to have the composition set aside and his claim allowed. The court refused to set the composition aside, but the plaintiff's claim was allowed. *Held,* that such allowance of the claim after the confirmation of the composition was a mere nullity, and did not render the defendant's discharge valid as to the plaintiff's claim.

CONTRACT upon two promissory notes by the payees against the makers. Writ in the Municipal Court of the City of Boston dated January 5, 1900.

The plaintiffs were alleged to be " copartners under the firm name of Troy Brothers and Company." The notes were dated June 1 and June 10, 1898, each was payable in sixty days to " Troy Bros. and Co."

The answer alleged, among other defenses, that the defendants had instituted bankruptcy proceedings on October 15, 1898, under the national bankruptcy act of 1898, and had received a discharge in bankruptcy on January 18, 1899, from all their debts, including the one stated in the declaration.

At the trial, which was before *Stevens,* J., the following facts appeared : The defendants filed their petition in bankruptcy on October 15, 1898, and were adjudicated bankrupts on that date. Their petition contained, in the list of creditors, the following :

| Name of Creditors. | Residence. | Amount. | Name of Debt. |
|---|---|---|---|
| Wm. H. Wood & Co. | Cambridge, Mass. | 1683.02 Mdse. | all notes. |
| Plymouth Stove Co. | Plymouth, Mass. | 552.      " | "     " |
| Troy Bros. | 59 Haverhill St. | 440.    contract | "     " |
| M. F. D'Arcy | 15 Charlestown St. Boston | 623.75 Mdse. | "     " |

Otherwise than as appears from the third one of the above four claims, the schedule contained no reference to the plaintiffs or either of them, or to their claim. No city, town or State address was given or referred to in connection with " 59 Haverhill St." The correct address of the plaintiffs was 87–91 Haverhill Street, Boston.

On January 3, 1899, the defendants filed in the bankruptcy court an offer of composition. The composition was confirmed by that court on January 18, 1899, and, within a day or two thereafter, the entire amount which the defendants were to pay under the composition was paid out by them. On March 24, 1899, while the bankruptcy proceedings still were pending, the

plaintiffs filed a petition to set aside the order confirming the composition, which petition was opposed and was denied. On March 31, 1899, the plaintiffs proved their claim in the bankruptcy proceedings, and their claim was allowed.

The plaintiffs' evidence tended to show that they had had no notice or knowledge of the bankruptcy proceedings before March 24, 1899. Mail carriers on the route upon which was the plaintiffs' place of business testified that letters addressed " Troy Bros." at any place on Haverhill Street in Boston would be delivered to the plaintiffs' place of business, that letters came addressed to " Troy Bros." on every mail, a great many of them without any number. Other witnesses for the defendants testified that the plaintiffs were frequently referred to as " Troy Brothers."

The plaintiffs introduced in evidence, subject to the exception of the defendants, the plaintiffs' petition to have the order of confirmation of composition set aside, which contained allegations that the petitioners therein, the plaintiffs in this case, had had neither notice nor knowledge of the bankruptcy proceedings. The plaintiffs' counsel stated at the time of the admission of said petition that it was not offered as evidence that the plaintiffs had not received notice of said bankruptcy proceedings, and the presiding judge both then and later in his charge stated to the jury that nothing in the petition was to be considered as evidence of such facts.

At the close of the evidence, the defendants requested the presiding judge to rule as follows: " 1. Upon all the evidence, the defendants are entitled to a verdict. 2. The plaintiffs were scheduled as creditors of the defendants substantially in accordance with the requirements of the bankruptcy law. 6. If the plaintiffs, within the time allowed by the bankruptcy law, actually proved their claim sued upon in this action, the defendants are entitled to a verdict." The requests were refused.

The presiding judge gave to the jury the following specific questions to answer: " 1. Were the plaintiffs duly scheduled ? 2. Did the plaintiffs have notice or actual knowledge of the proceedings in bankruptcy prior to January 18, 1899 ? " and, on these matters, charged them, after some illustrative examples, in substance as follows:

" Were [the plaintiffs] so well known, were the circumstances that surrounded them such, had they been on Haverhill Street for such a length of time that you ought to say from the evidence that no one could reasonably have been misled by the address which is given?  It is the claim of the defendants that the address given was so nearly correct that no one could be misled by the schedule as it appeared.  If you are satisfied that no one was misled, that, although the address was not literally correct, for all practical purposes it was correct, then they were duly scheduled.  If, on the other hand, you find they were not duly scheduled, that a person would be likely to be misled, that a person having occasion to communicate with them, or send a letter to them or a notice to them, would have been likely to have had the notice or letter miscarried on account of a false and incorrect address being given, then they were not duly scheduled.

" Now, if you find that they were duly scheduled, that is the end of this case, and your verdict should be for the defendants ; but if you answer no, they were not duly scheduled, they were not correctly scheduled, then you come to the next question, ' Did the plaintiffs have notice or actual knowledge of the proceedings in bankruptcy prior to January 18, 1899.' "

The jury answered both of the specific questions in the negative, and returned a verdict for the plaintiffs.  The defendants excepted.

*E. Greenhood*, (*J. Bon* with him,) for the defendants.

*C. P. Weston*, for the plaintiffs.

BRALEY, J.  This is an action of contract to recover the amount due on two promissory notes made by the defendants, and, while the answer sets up other defenses, unless the discharge in bankruptcy is a bar, the plaintiffs are entitled to hold their verdict.

A certificate of discharge granted under the national bankruptcy act of 1867, c. 176, could not be collaterally attacked in an action brought upon a provable debt, even where the bankrupt had intentionally omitted the creditor from his schedules, as its validity could be impeached only by an application to the court having exclusive jurisdiction of the proceedings in bankruptcy.  U. S. Rev. Sts. § 5119.  *Fuller* v. *Pease*, 144 Mass.

390, 392, and cases cited. But the U. S. St. of 1898, c. 541, § 17 a (3), as amended by the U. S. St. of 1903, c. 487, omits these provisions, and a discharge does not relieve the bankrupt from provable debts, if such debts " have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice, or actual knowledge of the proceedings in bankruptcy." It accordingly is open to a creditor to avoid the effect of a discharge where the bankrupt fails to comply with this requirement, if he is not shown to have had either notice or actual knowledge that his debtor had gone into bankruptcy. *Birkett* v. *Columbia Bank*, 195 U. S. 345.

The defendants, having been voluntarily adjudicated bankrupts, offered a composition which was confirmed. Upon confirmation, by force of § 14 c, they were discharged from the indebtedness represented by the notes, if the plaintiffs either were properly scheduled, or had notice of their bankruptcy.

The bankrupt is required by § 7 (8) to prepare and file with other schedules a schedule containing a list of his creditors with their places of residence when known, or, if unknown, then this fact is to be stated. The importance of a strict compliance with this section is obvious. It is intended that, from the inception of the administration of the bankrupt's estate until closed, the creditors shall have the opportunity not only of participation in the various proceedings, but, upon proof and allowance of their debts, to share in any liquidation of the indebtedness whether paid by the bankrupt in composition, or by the trustee in dividends. By the contents of the schedule, the court is informed of those who as creditors are entitled under § 44 to be notified of the first meeting, when a trustee is to be appointed, or under § 12, if a composition is offered. The trustee also derives from this source information as to the liabilities of the estate, while under § 17 a (3), as we have said, outside of the exception of actual knowledge, the conclusive effect of the bankrupt's discharge as a bar has been confined to creditors who are made parties by having been properly scheduled.

It was undisputed not only that a discrepancy existed between the name of the plaintiff's firm and the name stated in the schedule, but also that the number of the street where they

carried on business was incorrectly described. Even if, as the defendants contend, there was evidence from which the jury could have found that, commercially, the firm were as well known by one name as by the other, still their place of residence neither had been designated nor stated to have been unknown.

But if, upon the face of the schedule, as matter of law it might have been ruled that the statute had not been complied with, the submission of the question to the jury, whether upon the evidence the plaintiffs had been properly scheduled, was sufficiently favorable to the defendants, and the various requests relating to this issue, of which the first and second only have been argued, were rightly refused. *Birkett* v. *Columbia Bank,* 174 N. Y. 112; *S. C.* 195 U. S. 345. *Custard* v. *Widgerson,* 130 Wis. 412, 416.

Under the answer returned, while the plaintiffs were not concluded by the record in bankruptcy, the further inquiry, whether they were estopped from contesting the discharge because either of notice or of actual knowledge of the proceedings before the confirmation of the composition, was rightly submitted to the jury.

While it is clear that, when the petition to set aside the composition was filed, the period in which the plaintiffs could have participated by making proof of their claim had passed, it is to be presumed, although not expressly stated in the exceptions, that in compliance with § 58 (2), notice to creditors had been duly mailed. If this had been done, then the general practice of the mail carriers in the delivery of letters addressed to the plaintiffs as described in the schedule furnished evidence from which, notwithstanding the misdescription, they could have been found to have received notice of the meeting at which the composition was offered, and to have been informed of the bankruptcy of the defendants. *Briggs* v. *Hervey,* 130 Mass. 186.

The admission in evidence of their petition to vacate the order confirming the composition, which contained a recital as to when they first knew the defendants had become bankrupts, even if competent to rebut any inference as to a waiver of their rights by acquiescence, had no tendency to contradict this testimony, for such a statement was in the nature of self-serving declarations by which the defendants were not bound. The jury, how-

ever, having been directed to disregard the petition as furnishing any evidence of a failure to notify the plaintiffs, it is to be presumed they followed the instruction, and the defendants do not appear to have been prejudiced. *Holbrook* v. *Jackson*, 7 Cush. 136, 146. *Tapley* v. *Forbes*, 2 Allen, 20, 26. *Costello* v. *Crowell*, 133 Mass. 352.

By § 12, subsections a, b, c, the bankrupt must first obtain the consent in writing of a majority in number and amount of creditors whose claims have been proved and allowed before he makes application for the confirmation of an offer of composition, and, under subsection e, upon confirmation " the consideration is to be distributed as the judge shall direct, and the case dismissed." But, as distribution must be made among creditors whose claims appear by the record to have been previously proved and allowed, proof of the plaintiff's debt after the order had been entered was a mere nullity, and the refusal to give the sixth request affords no just ground of complaint. *Doucette* v. *Baldwin*, 194 Mass. 131, 135.

We discover no error of law at the trial, and accordingly the exceptions must be overruled.

*So ordered.*