In re FRENCH.

(District Court, D. Massachusetts.   July 30, 1909.)

No. 7,005.

1. BANKRUPTCY (§ 343*)—CLAIMS—PROOF—TIME.

   Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), provides that claims shall not be proved against a bankrupt after one year from the adjudication, or, if they are liquidated by litigation and final judgment therein is rendered within 30 days before or after the expiration of such time, then within 60 days after the rendition of such judgment, etc.  *Held*, that such section requires something more than mere making of proof of claim required by section 57a to be done within the year, and that filing or presentation of the claims in some form in the bankruptcy proceedings is essential to save the claims from the bar of the statute.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 343.*]

2. BANKRUPTCY (§ 381*)—COMPOSITION—CONFIRMATION—BELATED CLAIMS.

   Where every requirement of Bankr. Act July 1, 1898, c. 541, § 12, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3426), providing for confirmation of compositions in bankruptcy, necessary to bring the composition before the court for confirmation had been complied with, the court could not as a matter of law refuse confirmation on the objection of creditors whose claims, though specified in the schedule, had not been filed, presented, or allowed in bankruptcy proceedings within the year prescribed by Bankr. Act, § 57n, and were therefore barred and not provided for in the composition proceedings.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 381.*]

3. BANKRUPTCY (§ 384*) — COMPOSITION — CONFIRMATION — OBJECTIONS—APPEARANCE BY BANKRUPT.

   Where certain creditors of a bankrupt who had not filed or presented their claims within the year prescribed by Bankr. Act, § 57n, opposed confirmation of a composition, which did not provide for payment of a percentage of such claims, the bankrupt had capacity to appear and oppose such objections without reference to whether the claim had been included in his schedules, or had been inadvertently omitted therefrom.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 384.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. BANKRUPTCY (§ 385\*)—COMPOSITION—RIGHTS OF CREDITORS.**
    Creditors whose claims are barred by failure to file or present the same within the year required by Bankr. Act, § 57n, have no standing before the bankruptcy court in composition proceedings.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 385.\*]

In the matter of William A. French, bankrupt. On petition to review a referee's order disallowing claims presented by the Marblehead National Bank and the Marblehead Savings Bank, and on petition by the same creditors that provision be made for distribution on their claims before confirmation of an offer in contribution by the bankrupt. Order affirmed. Petition denied.

Lowell & Lowell, for bankrupt.
William P. Thompson, for creditors.

DODGE, District Judge. The first question is whether it is possible in any manner to "allow" these claims in these proceedings. Adjudication in this case was on December 8, 1902. Schedules were filed in which the claims of these two alleged creditors appeared. They made the statements under oath in writing which section 57a of the bankruptcy act requires on March 12 and 13, 1903. But they did not file them in court or present them to any one who could be said to have authority to receive them on behalf of the court in these proceedings. The statements, when sworn to, were left by them with their counsel, and by accident or oversight, instead of being filed, they remained unnoticed among his papers until after his death in 1905, and until after the year following the adjudication had long expired. When discovered and presented in these proceedings, a composition offer made by the bankrupt April 28, 1909, had been accepted by vote of the creditors June 2, 1909, and recommended for confirmation by the referee June 4, 1909. The bankrupt had applied for confirmation of the composition June 10, 1909, but the court had not yet acted upon the application.

The alleged creditors concede that in such a case as this, where nothing like fraud on the bankrupt's part is suggested, and there has been no liquidation by litigation, section 57n requires something more than the mere making of "proof" according to section 57a to be done within the year, and that filing or presentation in some form in the bankruptcy proceedings is also necessary to prevent a claim from being barred by the provisions of that section. I see no way in which this concession could have been avoided. See J. B. Orcutt Company v. Green, 204 U. S. 96, 27 Sup. Ct. 195, 51 L. Ed. 390, and among the more recent decisions bearing upon the question, Bennett v. American, etc., Co., 159 Fed. 624, 86 C. C. A. 614; In re Sanderson (D. C.) 160 Fed. 278; Re Strobel (D. C.) 163 Fed. 787. The claims, therefore, cannot be "proved against the estate" or "allowed" so far as bankruptcy proceedings, strictly speaking, are concerned, and it will be unnecessary to inquire whether, strictly speaking, their allowance ought to be refused by the referee, or by the court, upon the theory that the referee's jurisdiction terminated with his report to the court upon the composition offer.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The alleged creditors contend, however, that "when we come to composition proceedings the matter is entirely different"; that "there is no reason whatever for holding that section 57n has anything to do with composition proceedings"; that "there is no intimation in section 12 as to anything about a year being required for proof"; and that "in composition proceedings creditors may file their claims at any time before the composition is confirmed or the distribution ordered." They have filed within the time allowed for such objections a paper entitled "objections to the confirmation of the composition." In this they represent that they are scheduled as creditors, that their claims are justly due and were never disallowed prior to the time of filing said paper, and that the composition deposit now made is not enough to pay 5 per cent. on all claims, by which I understand to be meant all scheduled claims not disallowed including theirs. They ask the court to withhold confirmation of the composition until their claims are finally allowed or disallowed, that a further deposit be ordered, or, if no further deposit is to be made, that the order of distribution of the amount now deposited include a percentage to be paid them upon their claims.

It is not, nor could it be, claimed that this composition is not properly before the court for confirmation. Every requirement of section 12 necessary to bring it before the court for that purpose has been duly complied with. These petitioners have suggested nothing which according to section 12d would justify a refusal to confirm. In Re Rudnick (D. C.) 93 Fed 787, decided in this court in 1899, it was held that, "as the court has no power to confirm or reject a composition except pursuant to section 12, so it has no power to set one aside except pursuant to section 13." We are here concerned with section 12, but my opinion regarding it is the same as that expressed by the learned judge whose decision, dealing with section 13, I have just quoted.

Assuming, however, that the court might lawfully refuse to confirm, though satisfied upon all the points enumerated in section 12d, there are, as it seems to me, abundant reasons against such an exercise of discretion in this case. The circumstances seem to me such as to render it impossible to justify either of the courses of action which the court is asked to adopt.

Rule 8 of this court is:

"In cases of composition the deposit shall be sufficient to pay the proposed percentage upon all unsecured debts scheduled by the bankrupt, unless the Court should otherwise order."

The bankrupt asked the court in a petition filed July 31, 1908, that he be required in composition "to deposit a sum sufficient to pay the proposed percentage of all claims then proved and allowed only," not including four scheduled claims specified in the petition, which had been neither proved nor allowed, and he asked that said four claims be disallowed. The petition did not mention the two claims now presented. After notice ordered and served upon all scheduled creditors to show cause against the granting of this petition on or before August 17, 1908, the court granted the prayer of this petition on June 7, 1909. Two of the creditors whose claims were specified in the petition appeared to object, but withdrew their proofs of claim before the

court acted on the petition. There was no appearance by the two creditors now petitioning, although they must have had notice of the order to show cause, nor did any other creditor appear. Inasmuch as six years and a half had expired since the adjudication, there seemed no reasonable ground to suppose that any except the proved and allowed claims would have to be considered. The deposit which has been made under this composition offer is thus of an amount sufficient only to pay the offered percentage on the claims allowed, and no provision has been made in it for any payment upon the claims of the present petitioners or of any other creditors whatever.

In no event, as it seems to me, would it be proper or just to include the present petitioners in any distribution of the amount now deposited. The result of doing so would be to benefit these petitioners, who have let the time for taking action in these proceedings pass, notwithstanding repeated notices, at the expense of the creditors who have been properly diligent, and it would amount to a substitution by the court, in place of the composition agreement for a given percentage, of an agreement for a lower percentage which very probably never would have been voted.

Nor can I believe that it would be proper or just to overthrow at this stage the arrangement upon which the bankrupt and the requisite majority of his creditors who seasonably appeared in the proceedings have agreed, evidently after considerable difficulty and delay, in good faith and with good reason believing themselves the only parties now interested. Their interests appear to me to have the stronger claim to consideration. The inclination of the court is always, of course, to relieve against accident or mistake when it can be done with due regard to the rights of the other parties before it. But I do not think that such a situation here exists.

The bankrupt is the party appearing to oppose the allowance of these claims and against the objection to confirmation of the composition. That he has a standing to oppose the allowance of the claims, and would have it even if he had inadvertently omitted them from his schedules, was held by this court in Re Lane, 125 Fed. 772. He contends, not only that the claims cannot be allowed in bankruptcy proceedings, strictly speaking, but that they have lost all standing before the court for the purposes of composition. In my opinion he is right in so contending. While it is no doubt true, as stated in Re Lane, that composition is treated, even in the act, as in some respects outside of bankruptcy, I am unable to find any authority sufficient to justify a court in recognizing for the purposes of settlement in composition any creditor or any claim not entitled to recognition for other purposes under the act. In composition it is true "the consideration is to be distributed as the Judge shall direct," but this cannot mean that he may distribute the bankrupt's money otherwise than to persons entitled as the bankrupt's creditors when the distribution is made. If proof of a claim has become barred by section 57n, its owner has ceased to own any demand or claim provable in bankruptcy, and I am unable to see how he can maintain any right to recognition by the court as a creditor. That he cannot claim such recognition for the purposes of distribution in composition is held in Re Brown (D. C.) 123 Fed. 336. See, also, Troy v.

Rudnick, 198 Mass. 563, 569, 85 N. E. 177. So far as Re Fox, 6 Am. Bankr. Rep. 525, is to the contrary, the reasons against the opinion there expressed seem to me more convincing than those in its favor.

The claims presented by the two petitioners must be disallowed, and their petition denied. There being no other objections to the composition, it is to stand confirmed.