BY THE

'ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

## AT THE

### OCTOBER TERM, 1914.

---

## CHARLES W. BARTLETT, Respondent, v. WILLIAM L. GARRETT et al., Appellants.

### Kansas City Court of Appeals, February 1, 1915.

1. BROKERS: Commission: Procuring Loan: Liability. If one is employed by another to find a third party who will make a certain loan to him and such employee finds a third party, able, willing and ready to make the loan, he may recover the compensation agreed upon for his service.

2. ————: Ratification: Knowledge. If a claim is made that certain parties are liable on a contract made by a third party, on the ground of ratification, it must be shown that they had knowledge of the contract and the service; knowledge is essential to ratification.

3. ————: Loan: Service: Procuring Cause. Where the evidence shows that the plaintiff was not only to find a bank that would make a certain loan, but was not to be paid for his services until a loan was made, it must be shown that the plaintiff was the procuring cause of the loan; and an instruction which omits that condition of recovery is bad.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas*, Judge.

(144)  [188 Mo. App.

REVERSED IN PART. REMANDED IN PART.

*R. M. Sheppard, J. P. McCammon* and *J. T. Craig* for appellants.

(1) The plaintiff was not entitled to recover as against any of the defendants unless he showed by the greater weight and preponderance of the evidence that his efforts were the procuring or inducing cause of the loan being made by the National Reserve Bank to the defendants. Duncan v. Hills, 155 Mo. App. 709. (2) To entitle a real estate broker to his commission he must be the procuring and inducing cause of the sale. It is not sufficient that the act of the broker was one of a chain of causes bringing about the sale. Crain v. Miles, 154 Mo. App. 338; Real Estate Co. v. Real Estate Co., 144 Mo. App. 625; Russell v. Poor, 133 Mo. App. 723.

*Langsdale & Howell* for respondent.

(1) Defendants' demurrers were properly overruled. Murphy v. Knights of Columbus, 155 Mo. App. 659; Concannon v. Milling & Mining Co., 156 Mo. App. 79; Forsythe v. Albright, 149 Mo. App. 515; Herrick v. Woodson, 143 Mo. App. 258; Herrick v. Maness, 142 Mo. App. 399; Sallee v. Murry, 113 Mo. App. 253; Morgan v. Keller, 194 Mo. 663. (2) The portions of the depositions of defendants were properly admitted by the court as admissions of said defendants. Valleroy v. Knights of Columbus, 135 Mo. App. 574; Gubernator v. Rettalack, 86 Mo. App. 184. (3) Instruction number 1, given on behalf of plaintiff, stated the law of this case. Reardon v. Railroad, 114 Mo. 406; Hovey & Brown v. Aaron, 133 Mo. App. 573; Schaaf v. Basket & Box Co., 151 Mo. App. 35; Phelps v. Zinz & Lead Co., 218 Mo. 572; Wise v. Railroad, 135 Mo. App. 230; Markey v. Railroad, 185 Mo. 348.

ELLISON, P. J.—The defendant Fidelity and Casualty Company is a corporation located at Springfield, Missouri, and Hines, Montgomery, Ramsey, Coffman, Garrett, Schneider, W. & J. Taylor, McCammon, Boyd, McJimsey and Austin, the other defendants are directors. Plaintiff claims that they employed him, and agreed to pay him $5000 "to locate a bank or trust company in Kansas City which would lend them, or a part of them, $75,000 on certain terms and conditions." That in pursuance of said employment he did find a bank and a trust company, either of which would make the loan. That afterwards defendants obtained the loan from the bank, and then refused to pay him the sum agreed upon for his services. At the close of his case, plaintiff voluntarily dismissed as to the Casualty Company and Ramsey and the trial court directed a verdict in favor of the defendants Coffman, Hines and Montgomery for want of evidence against them. The case was then submitted to the jury as against Garrett, Schneider, W. & J. Taylor, McCammon, Boyd, McJimsey, and Austin and a verdict rendered for plaintiff.

Stating first our view of the legal aspect of the case, we think that if one is employed by another to find a third party who will make a certain loan to him and such employee finds a third party, able, willing and ready to make the loan, he may recover the compensation agreed upon for the service.

In this case the Casualty company was being organized by the other defendants (except William Taylor who came in afterwards as directors thereof. Defendant Austin was authorized to sell stock, he being paid a commission and certain stock had been sold by him, but there was not yet sufficient showing of capital to justify permission from the State Insurance Commissioner to open to the public for business. The directors set about to borrow $75,000 and made an effort in St. Louis and failed. They then came to Kansas City and succeeded in borrowing $75,000 of the national

Reserve Bank, on their note at six per cent due in six months, secured by $100,000 of the stock. The note was given for $77,500, the $2500 excess represented what was termed "a commission" to the bank.

Plaintiff's claim is that he procured the bank and that such bank would make the loan, and that he so notified defendants and that they thereupon accepted his service by borrowing the money in the manner stated. We think that, as against defendant William Taylor, there was evidence to sustain the verdict. There was evidence tending to show that he obtained plaintiff's services to find a bank which would lend the required sum of money and that he promised to pay plaintiff for that service the sum of $5000, if he procured the loan.

It is true that the bank officers denied that plaintiff had anything to do with the loan, or that he, in anyway, influenced their action. But when a verdict is attacked on the ground of not being supported by evidence, we are more concerned with what the evidence is on the part of him who gains the verdict than with the evidence for the loser.

But as to the other defendants against whom the verdict was rendered, we think there was no substantial evidence whatever that they had any contractual relations with plaintiff directly, or that they authorized Taylor to represent them. Plaintiff himself, in testifying in his own behalf, stated that he never spoke to or communicated with either of them, until nearly a year after the transaction. These defendants were themselves examined as witnesses and each denied authority for Taylor to represent them. Defendant Garrett, had heard Taylor say that he believed defendant Austin (who was selling the stock) could get the money desired through plaintiff, if the directors would pay the commission to plaintiff and Austin. But he refused to have anything to do with it.

To sustain the verdict against these defendants, other than Taylor, would be to say that business men

may be held to have contracted to pay a large amount to secure a loan of money, on conjecture or surmise drawn from the mere fact that they obtained a loan. As just stated, plaintiff makes no pretense of dealing with any one besides Taylor; it seems never to have occurred to him to inquire of those he now claims to have served, whether they had authorized his employment. He never inquired at the bank whether it, the loan, had been made, and a year seems to have elapsed before he made the present demand. All of the officers of the bank testified that he had nothing to do with procuring the loan. Taylor and Burrows, a vice president of the bank, each testified that they were acquaintances of several years, the former stating that to be the reason for his going to that bank for the loan. Another reason for going to that bank was stated to be that some of the parties concerned in the loan were officers of a bank in Springfield and that the Reserve Bank in Kansas City was its correspondent.

If we concede that Taylor engaged plaintiff to find a bank which would make the loan, the fact that a loan was made by the bank found by plaintiff, will not affect the other defendants on the ground of ratification, unless it be shown that they had knowledge of his employment for them; knowledge is essential to ratification; Hyde v. Larkin, 35 Mo. App. 365; Steunkle v. Ry. Co., 42 Mo. App. 73; Johnson v. Fechtt, 94 Mo. App. 605; Murphy v. Knights of Columbus, 155 Mo. App. 649; Story on Agency, sec. 239; 31 Cyc. 1253. The court gave for the plaintiff the following instruction; that if the jury "believe from the evidence that the defendants, or any of them, by and through the defendant W. L. Taylor, agreed to pay the plaintiff five thousand dollars ($5000) to locate a bank or trust company in Kansas City, Missouri, which would lend the defendants, or a part of them, $75,000 upon certain terms and conditions and that plaintiff agreed to locate a bank or trust company in Kansas City which

would make said loan and agreed to accept $5000 for his services in so doing; and if you further find that in pursuance of said agreement plaintiff did locate a bank or trust company which was ready, willing and able to make said loan upon the said terms and conditions, then your verdict will be for the plaintiff and against the defendant W. L. Taylor and against such other of the defendants as you believe and find from the evidence had knowledge of said agreement and assented thereto.''

It will be noticed that it is stated that if plaintiff found a bank, or trust company, which would make the loan ''upon certain terms and conditions,'' there was evidence of two characters of loans, one of which plaintiff relies upon and upon which his case depends, while the other was an essentially different one—one of different character. The instruction should have submitted the hypothesis of a loan of the character claimed by plaintiff.

Again, plaintiff himself testified that the contract was he was not ''entitled to the $5000 until they got the loan.'' This and other evidence in his behalf shows that the loan must have been procured through his effort. It is conceded, of course, that a loan was made by the bank; but there was evidence tending to show that plaintiff had nothing to do with procuring it; yet this instruction, in effect, directs a verdict in his favor, if he located a bank or trust company who were ready, willing and able to make the loan, although plaintiff had no part in procuring it—in fact may have been a detriment, and other considerations caused the loan to be made. In short, the instruction would permit a verdict for plaintiff in the face of his own testimony. Under the evidence the question of procuring cause should have been submitted. It was improper: Russell v. Poor, 133 Mo. App. 723.

The effect of the instruction was to conflict directly with number five given for defendants. Plain-

tiff, however, says that defendants should not have asked the latter instruction and that it should not have been given. We think it should for the reason that the evidence in plaintiff's behalf shows that he was to locate or find a bank, but he was not to have a commission unless he caused the loan to be made.

Again we think there is a substantial objection to plaintiff's instruction in that it tended to mislead or confuse the jury in submitting as an issue whether he "located a bank or trust company." There was evidence that the location of a trust company was embraced in the contract and also that plaintiff located one in addition to the Reserve bank, but no issue of that kind was made in the trial of the case as a basis for plaintiff's recovery. Under the evidence plaintiff must stand or fall on the deal with the bank. It appeared in the course of the evidence that plaintiff had talked with the officers of a trust company in regard to the loan and the jury, or some of them, under this instruction, may have been influenced in their verdict by that fact.

As to the defendants Garrett, Schneider, John Taylor, McCammon, Boyd, McJimsey and Austin, the judgment will be reversed. And as to the defendant William Taylor, the judgment will be reversed and the cause remanded for new trial. All concur.