CHARLES W. BARTLETT, Respondent, v. WILLIAM L. TAYLOR, Appellant.

In The Kansas City Court Of Appeals, March 6, 1922.

1. **BANKRUPTCY: Evidence Held to Show Bankrupt Charged with Knowledge of Creditor's Address More Definitely Than Stated.** Where the evidence showed that a bankrupt scheduled a claim as that of "Charles B" Kansas City and that he had been intimately acquainted with plaintiff, knew his full name as Charles W. Bartlett, and had frequently addressed mail to plaintiff at his postoffice box, *held*, bankrupt charged with knowledge of plaintiff's address more definitely than appears in the bankruptcy proceedings.

2. ———: **Whether Address of Creditor Must be Given by Street and Number Depends upon Circumstances in Each Case.** Under Bankruptcy Act, section 7, Subd. 8, (U. S. Comp. St., sec. 9591), the requirement that schedule of creditors must state the street and number of the residence of creditor, if known to bankrupt, is not governed by any fixed rule, but by circumstances in each case.

3. ———: **Burden on Bankrupt to Show Substantial Compliance with Statutory Requirements as to Proper Listing of Claims and Creditors.** Under Bankruptcy Act all claims must be properly listed and failure to comply with statutory requirement to file list of creditors, showing their residence if known, will render discharge of bankrupt inoperative as against any who did not receive actual notice of bankruptcy proceeding in time to have their claims allowed, and if a discharge is to have effect of cancelling debt of creditor who had no notice of proceedings, the burden is upon the bankrupt to show substantial compliance with the Act.

4. ————: **Requirements for Scheduling Names of Creditors is for Benefit of Creditors so as to Give Them an Opportunity of Having Their Day in Court.** The requirement for duly scheduling the names of creditors is for the benefit of the creditors and in compliance with the generally recognized principle that one cannot be barred of his claim without the opportunity of having his day in court.

5. ————: **Scheduling of Creditor's Name and Address Held not to Show Due Diligence and was Insufficient to Make Discharge a Bar to Claim of Creditor.** Where a bankrupt listed a creditor's claim and omitted to state the middle initial of creditor and gave his residence address as Kansas City, though bankrupt knew the middle initial and the post office box number of creditor, he did not exercise due diligence and was not entitled to his discharge from the item of indebtedness under dispute so as to bar creditor's claim who received no notice of bankruptcy proceedings until after bankruptcy discharge.

Appeal from the Circuit Court of Jackson County.— *Hon. E. E. Porterfield*, Judge.

AFFIRMED.

*Clif Langsdale* for respondent.

*John P. McCammon* for appellant.

ARNOLD, J.—This is a suit for a commission alleged to be due plaintiff for procuring a loan. Originally it was brought against a number of other persons joined with defendant. At the first trial verdict and judgment were for plaintiff and against all the defendants. On appeal this court reversed the judgment outright as to all except the defendant herein and, as to him, reversed the judgment and remanded the cause for a new trial on account of error in instructions. [Bartlett v. Garrett, et al., 175 S. W. 79.] The cause was retried, resulting in a judgment for plaintiff in the sum of $7,000, and defendant appeals.

The petition alleges that defendant employed plaintiff to secure a loan for defendant and others who were engaged in organizing the Missouri, Fidelity & Casualty Company of Springfield, Mo., from some bank or trust company in Kansas City, Mo., in the sum of $75,000,

on certain terms and conditions, and plaintiff was to be paid as commission therefor, the sum of $5,600; that in pursuance of said employment he found a bank and a trust company, either of which would make the loan; that afterwards defendant and his associates secured the loan from the bank and thereafter refused to pay plaintiff the sum agreed upon for his services. The prayer was for $5,000 and interest.

The answer is, first, a general denial and by way of separate defense, defendant alleges that on May 30, 1914, he filed in the District Court of the United States, in and for the Southern Division of the Western District of Missouri, at Springfield, his petition asking to be adjudged a bankrupt, and that with said petition was filed a list of creditors, including plaintiff herein; that on said petition defendant was duly adjudged a bankrupt on June 1, 1914, and was discharged as a bankrupt on August 24, 1914; that plaintiff was duly notified of said finding and of the time and place for filing his claim against defendant.

Plaintiff denied that the discharge in bankruptcy affected his claim because (a) he had not been notified of the bankruptcy proceedings during their pendency; (b) because the claim was so listed that it was not described as the debt of the bankrupt, but as that of the Missouri Fidelity & Casualty Company, and, (c) because it was not such a claim as could be discharged in bankruptcy.

A jury was waived and the cause was tried to the court. Four declarations of law were given upon request of defendant. The finding was for plaintiff in the sum of $7,000. The court refused to give certain other declarations of law asked by defendant. A motion for new trial was overruled and defendant appealed.

The same evidence was introduced as in the former trial, being read from the Bill of Exceptions, and as this court in its opinion above referred to, ruled on all the objections now urged by defendant, excepting the bankruptcy question, it will be necessary for us to pass only upon that point.

In his first assignment of error defendant urges that his discharge in bankruptcy was a bar to plaintiff's recovery. The testimony is that in his bankruptcy proceedings defendant scheduled the item in controversy under the following heading: "Liability on notes or bills discounted which ought to be paid by drawer, maker, acceptor, endorser—Schedule A4." This claim was described in said schedule as follows:

"Charles Bartlett, Kansas City, Missouri, judgment for $5,000 jointly against W. L. Taylor, J. A. Taylor, W. L. Garrett, H. L. Schneider, E. E. E. McJimsey, J. P. McCammon and J. R. Boyd, all of Springfield, Missouri. Case now in Kansas City Court of Appeals. Bond signed by Missouri Fidelity & Casualty Company. Judgment if affirmed to be paid by Missouri Fidelity & Casualty Company, (signed) William Lawrence Taylor, petitioner."

The bankruptcy proceedings were instituted while this case was pending on appeal from the verdict and judgment on the former trial, and for this reason plaintiff urges that the discharge in bankruptcy does not bar his recovery for the reasons (a) because the claim was not one which was provable in bankruptcy; (b) because the claim was listed, scheduled and described as one which should be paid by someone other than the bankrupt; (c) because the bankrupt was not notified of the pending of the bankruptcy proceedings as required by the Bankruptcy Act.

The Bankruptcy Act of 1898, section 7, sub-division 8, makes it the duty of the bankrupt to prepare, make oath to, and file a list of his creditors, showing their residences, if known, and if unknown, that fact to be stated.

The testimony shows that plaintiff had the same residence and post office address in Kansas City, Missouri, at the time of the former trial and continuously until several months after the discharge of the bankrupt; that the suit was instituted in the name of Charles W. Bartlett and that all of the letters addressed to plaintiff in 1910, relative to the loan to be made, were addressed

to Charles W. Bartlett. It is also in evidence that, at the time defendant claims a notice was mailed to Charles Bartlett, there was one Charles E. Bartlett living in Kansas City, Missouri. Plaintiff testified that no notice of the bankruptcy proceedings was ever received by him.

In this connection, the record further shows that Langsdale & Howell of Kansas City, Mo., were the attorneys for plaintiff at the former trial, and that the first actual notice of the bankruptcy proceedings was contained in a letter addressed to them by the attorney for defendant, but such notice was received by said attorneys long after defendant's discharge in bankruptcy.

It is also noted that prior to the institution of the bankruptcy proceedings, defendant addressed letters to plaintiff invariably as "Charles W. Bartlett." On one occasion defendant addressed plaintiff at Kansas City, Missouri, and again, at Box 904, Kansas City, Missouri. The testimony further shows that plaintiff and defendant had been intimately acquainted prior to the time this controversy arose, that they belonged to the same church and had many mutual acquaintances.

We hold that, under this evidence, defendant will be charged with knowledge of plaintiff's address more definitely than appears in the schedule in the bankruptcy proceedings. It remains to be determined whether the address of plaintiff as set forth in the bankruptcy proceedings is sufficient compliance with the Act to entitle defendant to his discharge from this obligation. This question arose in Caglistro v. Indelle, 17 A. B. R. 685, decided in February, 1907. In that case the address of the creditor was scheduled as "Mulberry Street, New York City." It was shown the creditor lived at 141 Mulberry Street at the time of filing the schedule and petition and had resided at such place for fifteen years previous thereto, and that during all that period his name had appeared in the city and telephone directories at that number. It also appeared that the petitioner knew the name and address of the attorney for the judgment creditor. The court said:

"I am satisfied that the petitioner, when he made

up the schedules, failed to use due efforts to learn the street number of the judgment creditor, and that it was owing to such failure on his part that the judgment creditor received no notice. Such failure deprives him of his right to a discharge of such judgment. [Columbia Bank v. Birkett, 174 N. Y. 112, 9 Am. B. R. 481; Sutherland v. Lasher, 41 Misc. 294, 11 Am. B. R. 780, affd., 87 App. Div. 633.] It may be that in the absence of other evidence, there is a presumption that the postal authorities would deliver a letter to the plaintiff addressed, simply, 'Mulberry Street,' without any addition of the street number, but such presumption cannot prevail as against the positive statement of the plaintiff that he never received such notice.''

True, the city of Kansas City is not so large as New York, but that cannot alter the rule. Defendant, in support of the sufficiency of the address upon the notice cites Krettlein v. Ferger, 238 U. S. 21. In that case (opinion by Mr. Justice LAMAR), the court held that a notice to a creditor in his own proper name at the city of Indianapolis, Indiana, was sufficient to discharge the bankrupt from the debt. But in that case there was nothing to show that the bankrupt actually knew the creditor's street and number. This may be considered the leading case on this point. The question is exhaustively discussed and, we think, the rule is finally declared that the circumstances in each case shall govern. It must be conceded that it is necssary, under the Bankruptcy Act, to have all claims properly listed. A failure to comply with the statutory requirement to file a list of creditors, showing their residence, if known, will render the discharge of the bankrupt inoperative as against any who did not receive actual notice of the bankruptcy proceeding in time to have their claims allowed. [Columbia Bank v. Birkett, 174 N. Y. 112, 66 N. E. 652, aff'd. in 195 U. S. 345; Troy v. Rudnick, 198 Mass. 567.]

It is said in the Kreitlein case, supra, ''There are only a few instances, under the Bankrupt Act, in which the courts have had occasion to deal with the subject, or to construe section 7 (8),—requiring claims to be duly

listed—in connection with section 17, which provides that a discharge shall release the debtor from all provable debts 'except such as  .  .  .(3)  have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice of actual knowledge of the proceedings in bankruptcy  .  .  .' It has been held that a claim is not duly scheduled if the name of the creditor is improperly spelled (Custard v. Wigderson, 130 Wis. 414); or if the street number is given but the name of the city of his residence is omitted (Troy v. Rudnick, 198 Mass. 563); or if the creditor is listed as residing in one city when he actually lives in another (Marshall v. English Co., 127 Ga. 376); or if the creditor's name is given but the schedule falsely recites 'Residence unknown' (Birkett v. Columbia Bank, 195 U. S. 345; Miller v. Gausti, 226 U. S. 170; Parker v. Murphy, 215 Mass. 72.)  These decisions, however, were based on extrinsic proof and on a finding that, as a matter of fact, the name was misspelled, or the creditor's residence was improperly listed, or that the bankrupt knew the creditor's address and falsely stated that the residence was 'Unknown.'  None of them holds that, as a matter of law, the discharge was rendered inoperative merely because the street number was not given in the schedule.''

In the Birkett case, supra, the court said that ''the law attaches a punitive consequence'' which is set forth in section 17, for failure to comply with the provisions of section 7, of the Act of 1898.  We think it follows from the rule laid down in that case, that if a discharge is to have the effect of cancelling the debt of the creditor who had no notice of the proceedings, the burden is upon the bankrupt to show substantial compliance with the Act.

The requirement for duly scheduling the names of creditors is in compliance with the generally recognized principle that one cannot be barred of his claim without the opportunity of having his day in court. It is for the benefit of the creditors and in the interest of fair dealing with them and must be construed in harmony

with this purpose. .[Birkett v. Bank, supra; Custard v. Wigderson, 130 Wis. 412, 414.]

We hold that it is a question of due diligence in every case and in the case at bar, defendant will be charged with lack of such due diligence. The testimony shows that the scheduling of the name of plaintiff was not diligently done; that defendant knew plaintiff's full name as Charles W. Bartlett, and, further, that he knew his address in the city of Kansas City, Missouri.

It is further held that under the facts and circumstances in evidence, defendant is not properly entitled to his discharge from the item of indebtedness under dispute. In this view of the case it is not necessary to determine whether or not the item was listed under the proper heading.

There is no reversible error in the record. For the reasons above stated, the judgment is affirmed.

All concur.