WARREN H. CALDWELL *vs.* GEORGE A. EASTMAN.

Plymouth.　January 16, 1924. — March 4, 1924.

Present: RUGG, C.J., DECOURCY, PIERCE, CARROLL, & WAIT, JJ.

*Bankruptcy*, Discharge.

In a schedule in bankruptcy a certain creditor was named and his residence address was given as " Main Street, Brockton, Mass., (number unknown)." At the time of the filing of the petition, the creditor lived at number 56 Green Street, Brockton, and never had lived at Main Street, although he then had a place of business on Main Street. The creditor received no notice of the defendant's going into bankruptcy. The defendant received a discharge in bankruptcy in 1913. In an action by the creditor against the bankrupt in which the bankrupt set up his discharge in bankruptcy, it was *held*, that

(1) The bankruptcy schedule did not contain the street residence of the plaintiff;

(2) It was proper to rule that " a debt is not duly scheduled when the office address instead of the residence is given in the schedule under the designation of residence; "

(3) It was proper to rule that " a schedule must state the street and number of street of residence of creditor or state that it is unknown to be a valid schedule in that respect; "

(4) It was not permissible to treat the statement in the schedule " Main Street, . . . (number unknown) " as surplusage so that the words " Brockton, Mass." alone would be sufficient, but the entire declaration must be looked upon as an affirmative misstatement of the place of residence of the creditor;

(5) It was proper to rule, "If the plaintiff was scheduled as a creditor in such a way that the defendant has to rely upon notice to the creditor in order to take advantage of the discharge, then the question of notice is an affirmative defence and one upon which the defendant and not the plaintiff has the burden of proof; "

(6) It was proper to order a verdict for the plaintiff.

CONTRACT upon a promissory note.　Writ dated September 30, 1921.

In the Superior Court, the suit was tried before *Weed*, J. Material evidence and requests by the plaintiff for rulings are described in the opinion.　At the close of the evidence, a verdict was ordered for the plaintiff in the sum of $603, and the judge reported the case to this court for determination.

*R. Henry,* for the defendant.

*W. G. Rowe,* for the plaintiff.

PIERCE, J.     This is an action of contract. to recover the balance due on a promissory note.   The defendant pleaded a discharge in bankruptcy in March, 1913.   There was a trial before a judge of the Superior Court with a jury.   At the close of the evidence, counsel agreed that no facts were in dispute;   and the defendant's counsel stated, in reply to an inquiry from the trial judge, that he was not prepared to show that the plaintiff had had notice of the bankruptcy proceedings.

The defendant introduced in evidence a certificate of the District Court of the United States for the district of Massachusetts, showing his discharge in bankruptcy in March, 1913, together with a certified copy of schedule " A " of his original bankruptcy petition, wherein the plaintiff's claim was scheduled.   This schedule gave as the name of the creditor, W. H. Caldwell, and " Main Street, Brockton, Mass., (number unknown)" as the residence of such creditor. The plaintiff then introduced proof that he resided at No. 14 L Street, Brockton, for the two years preceding the bringing of this action;   that prior to that he lived at No. 56 Green Street, Brockton, for a period of eighteen years;   that he never lived on Main Street, Brockton, but did have a place of business there in 1912 and 1913;   that he did not know where the defendant was in 1912 and 1913;   that he received no notice of the defendant's going into bankruptcy, and heard nothing about the defendant's discharge in bankruptcy, until the year 1920.

At the plaintiff's request the trial judge ruled:

" (1) A debt is not duly scheduled when the office address instead of the residence is given in the schedule under the designation of residence.

" (2) A schedule must state the street and number of street of residence of creditor or state that it is unknown to be a valid schedule in that respect.

" (3) If the plaintiff was scheduled as a creditor in such a way that the defendant has to rely upon notice to the creditor in order to take advantage of the discharge, then

the question of notice is an affirmative defence and one upon which the defendant and not the plaintiff has the burden of proof."

The judge directed the jury to return a verdict for the plaintiff in the sum of $603. The defendant duly excepted to the rulings and to the order. The case is reported to this court, such entry to be made " as law and justice may require."

In *Parker* v. *Murphy*, 215 Mass. 72, the court said: " Section 17 of the bankruptcy act provides that a discharge in bankruptcy shall release the debtor from all provable debts ' except such as . . . have not been duly scheduled . . . unless such creditor had notice or actual knowledge of the proceedings in bankruptcy.' Claims are not duly scheduled unless the names of the debtor's ' creditors showing their residences, if known,' are on the list of creditors filed. Section 7, cl. 8. The burden of proving that he did all things required of him under the bankruptcy law to give notice to the respondent creditor of the bankruptcy proceedings or that the latter had actual knowledge of them rests upon the plaintiff [the bankrupt] in this case. *Wylie* v. *Marinofsky*, 201 Mass. 583. *Wineman* v. *Fisher*, 135 Mich. 604, 608. The requirement for duly scheduling the names and residences of creditors is a most important one. It is in compliance with the generally recognized principle that one shall not be barred of his claim without the opportunity of having his day in court. It is for the benefit of the creditors and in the interest of fair dealing with them and is to be construed in harmony with this purpose. It is essential in order that notices in the bankruptcy proceeding may be sent him. It has been construed with some strictness. *Birkett* v. *Columbia Bank*, 195 U. S. 345. *Custard* v. *Wigderson*, 130 Wis. 412."

The schedule filed in these proceedings listed the plaintiff's creditor with a residence at Main Street, Brockton, number unknown. It was proved by the plaintiff, and subsequently admitted by the defendant, that the residence of the plaintiff — the customary abode of the plaintiff as distinguished from the place where he transacted his usual business on

February 29, 1912 — was on Green Street, Brockton, and was not and never had been on Main Street, Brockton. It was also proved that the place of business of the plaintiff in February, 1912, was on Main Street, Brockton. The schedule described the street without the number of the place of business. It is an indisputable fact that the street residence of the plaintiff was not scheduled. As we understand it, the defendant contends that the statement " Main Street . . . (number unknown) " may be treated as surplusage, leaving the words " Brockton, Mass., " and that so read the schedule is sufficient within the bankruptcy rule as interpreted and applied in *Kreitlein* v. *Ferger*, 238 U. S. 21. On the other hand the plaintiff contends that the entire declaration of the schedule is " an affirmative misstatement " of the place of residence of the creditor, and is of no greater value as a compliance with the terms of the statute than is a schedule with the name of the creditor improperly spelled, *Custard* v. *Wigderson*, 130 Wis. 412, 414, or the name of the city of residence omitted. *Troy* v. *Rudnick*, 198 Mass. 563.

When the misstatement of the residence was proved by the plaintiff, the burden of proof still rested on the defendant to satisfy the court and jury that the defendant used due diligence and made proper effort to ascertain the actual abode and residence of the creditor, and the judge in the absence of any explanation was warranted in inferring a lack of diligence in this regard. The third ruling is covered by the decision of *Smith* v. *Hill*, 232 Mass. 188, affirmed in *Hill* v. *Smith*, 260 U. S. 592.

On all the facts of the report we are of opinion that judgment should be entered for the plaintiff in the amount of $603, as found by the court, with interest thereon.

*So ordered.*