## WILMOT *v.* MUDGE.

An action on a debt or claim is not barred by a composition between a debtor and his creditors, under sect. 17 of the act of June 22, 1874, c. 390 (18 Stat., pt. 3, p. 183), if it would not be barred by his discharge under the bankrupt law.

ERROR to the Superior Court of the Commonwealth of Massachusetts.

The facts are stated in the opinion of the court.

*Mr. James B. Richardson* for the plaintiff in error.
*Mr. Moorfield Storey, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

Mudge & Co. brought their action against Wilmot in the Superior Court of Massachusetts, in tort, for false representations whereby the plaintiffs were induced to sell him certain goods on credit. The damages claimed were their value. He denied the false representations, and also pleaded a composition order of the District Court of the United States, and his offer to pay the plaintiffs what was due them under the composition.

The case was tried without a jury by the court, who found for the plaintiffs, and gave judgment for the agreed price of the goods.

The Supreme Court of Massachusetts affirmed the judgment on all points. Wilmot sued out this writ.

The only question we can consider is whether the composition with the order of the court thereon is a discharge of Wilmot's liability on account of the cause of action on which he was sued in this case.

The Supreme Court of Massachusetts held that it was not such a discharge, because the action was founded on a fraud.

Sect. 5117 of the Revised Statutes enacts that "no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy ; but the debt may be proved, and the dividend thereon shall be a payment on account of such debt." The phraseology

of the original statute of bankruptcy of 1867 was that no such debt "shall *be discharged under this act;*" and an argument is made that while such debt might not be discharged under the act of 1867, it might be under the composition provided for by the act of 1874, because the latter was a different act. We are of opinion that the language of the Revised Statutes expresses the true construction of the act of 1867, namely, that no such debt should be discharged by the proceedings which the bankrupt law of the United States authorized. The language adopted in the act of 1867 was appropriate, because that was the only bankrupt act then in existence, and established a complete system in itself. When the Revised Statutes came to be enacted, many amendments had been made to the original act, and as none of them were supposed to affect the principle that debts founded in fraud should not be discharged by bankrupt proceedings, it was proper to say so.

The seventeenth section of the act of 1874, c. 390, introduced the system of composition which, when the proposal of the bankrupt to pay a certain proportion of his debts had been accepted by a majority in number and three-fourths in value of the creditors, and confirmed by the signatures of the parties and approved by the court, "shall be binding on all the creditors whose names and addresses, and the amounts of the debts due to whom, are shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed, but shall not affect or prejudice the rights of any other creditors." 18 Stat., pt. 3, p. 183. Everything was done which this act required to bring Mudge & Co. within its provisions. Although they had received notice of the meeting which passed the composition resolution, they did not take part in the proceedings, nor accept the sum to which by its terms they were entitled, though they were included in Wilmot's list of creditors.

Their counsel relies solely on the proposition, that as their claim against him arises out of his fraudulent representations to them in purchasing the goods, their debt is not discharged by this composition, nor by any other proceedings in bankruptcy.

To this it is answered that proceedings in composition are not in bankruptcy, but so far distinct therefrom, that they constitute a compromise and release of the debtor by virtue of the provision which declares them binding on both parties.

It is said to be an accord and satisfaction. But this requires the voluntary assent of the creditor, which in this case was not given.

Next, it is said that the seventeenth section of the act of 1874, which provides for this composition, is not *in pari materia* with the bankrupt law, and is a new and independent mode of distributing the bankrupt's assets, and releasing him from his debt, and is not a part of the proceedings under the bankrupt law.

We do not understand that there is any power in the debtor to invoke this remedy until. proceedings in bankruptcy have been commenced by him or against him under the bankrupt law. Nor can the District Court make the necessary order establishing the composition except in such proceedings, either voluntary or involuntary. The composition proceeding is, therefore, a part of the proceedings in bankruptcy, and one of the modes which the bankrupt law authorizes of releasing the debtor and securing to his creditors an equal share of his means.

The seventeenth section itself is one of many amending the bankrupt law in numerous particulars, and is declared to be an amendment of sect. 43 of the original act of 1867.

We are very clear, therefore, that the provision for composition is a proceeding in bankruptcy under the Bankrupt Act, whether reference be had to the language of the act of 1867 or of the Revised Statutes, that debts created by fraud shall not be discharged under it. See opinion of Mr. Chief Justice Waite, *In re Holmes & Lissberger*, 15 Blatchf. 170.

But the act of 1874, which contains the provision for composition, is later in date than the act of 1867 or the Revised Statutes, for as to the latter it must be so held, though both were actually passed at the same session of Congress; and if the later act is in conflict with the older, so that they cannot be reconciled, the last must prevail. In other words, it is a repeal *pro tanto* of the first act.

That this is the true view of the several provisions of the statutes referred to is strongly urged by counsel for the plaintiff in error, on account of the positive language of the latest enactment. "The provisions of a composition accepted by such a resolution in pursuance of this section shall be binding on all the creditors whose names and addresses and the amount of the debts due to whom are shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed."

It is conceded that the defendants in error came within the terms of this provision, and it is insisted that they must be bound by the composition. We admit the apparent force of the logic. But, as we have already said, these several statutes, sections, and provisions are to be construed as parts of one entire system of bankrupt law. No positive enactment found in one part of it is to be considered as repealed by another, unless it be by express language or by necessary implication. The provision that no debt created by a fraud shall be discharged by any proceedings in bankruptcy is a very positive and clear statement of a principle applicable as well to such proceedings authorized after as before this special one was enacted. The resolution of composition is a proceeding in bankruptcy. Can it be binding *on the parties* within the meaning of the act, and not discharge the claims of all who come within its terms?

If those to be affected by it are such as hold claims that may be discharged by bankrupt proceedings, then all are bound by it. But if there is a person who has proved his debt, and who for the purpose of receiving a dividend declared in the usual mode is a proper party to the general proceeding, but whose claim is at the same time one which, though provable in bankruptcy, cannot be discharged by the bankrupt law, we do not see why the composition may not be binding on others and not on him. There is no injustice nor any difficulty in restraining the language of the composition section, as regards its binding force, to persons whose debts are capable of being discharged by the bankrupt law.

If a certain class of debts cannot be discharged by proceedings in bankruptcy, then they cannot be discharged by this proceeding, for it is a proceeding in bankruptcy. If all other

debts may be discharged by a composition in bankruptcy, then the debtor and the other creditors get its benefit and are bound by it, while the one whose debt may not be thus discharged does not. He neither takes its benefit nor is he bound by it.

In this manner both provisions of the bankrupt law can stand and be consistent. Thus construed there is no conflict between them, and each has its appropriate sphere of operation and the effect which the law-makers intended.

The rules of construing statutes in like cases with the present are so well understood as to need no citation of authorities.

They are, first, that effect shall be given to all the words of a statute, where this is possible without a conflict; and, second, that as regards statutes *in pari materia* of different dates, the last shall repeal the first only when there are express terms of repeal, or where the implication of repeal is a necessary one. When repeal by implication is relied on it must be impossible for both provisions under consideration to stand, because one necessarily destroys the other. If both can stand by any reasonable construction, that construction must be adopted. We think that which we have already suggested reconciles the two provisions without doing violence to either. Numerous decisions of respectable courts are cited by counsel on each side. Several of these are in conflict with each other. None of these courts are of higher authority than the one which rendered the judgment we are now reviewing, and as it concurs with our own views, it is

*Affirmed.*