## In re BLOND.

(District Court, D. Massachusetts. December 29, 1910.)

No. 14,546.

BANKRUPTCY (§ 328*)—CLAIMS—PROOF—TIME.

Since Bankruptcy Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), requiring claims to be proved within a year from adjudication, is prohibitory, leaving the court no discretion to extend the time, a creditor who failed to prove his claim within such time, though it was scheduled, was not entitled, against the bankrupt's objection, to prove it afterward and thus receive a dividend on it out of the amount deposited by the bankrupt to carry out a composition, though the deposit made was of sufficient amount to pay the dividend on the claim objected to, as well as on the claims proved.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 518; Dec. Dig. § 328.*]

In the matter of bankruptcy proceedings of Morris Blond. On petition to review a referee's order disallowing the claim of the James A. Houston Company. Affirmed.

Daniel B. Beard, for bankrupt.

Jacobs & Jacobs, for James A. Houston Co.

DODGE, District Judge. Adjudication was ordered in this case on February 23, 1909. The petitioner for review appeared as a creditor in the schedules filed. Thirty claims having been proved and allowed before the referee at various times within the year following adjudication, the bankrupt made a composition offer on April 2, 1910, which was in due course confirmed by the court. After the composition offer but before the referee's report on it, three more claims, duly presented but suspended, were allowed. The petitioner for review did not present any claim for allowance until June 6, 1910. On November 22, 1910, the referee disallowed it, because not proved within the year allowed for proof by section 57n of the bankruptcy act. The deposit made for the purpose of the composition was of an amount sufficient to cover all the scheduled claims, including this claim, as rule 8 of this court requires. The only opposition to allowance comes from the bankrupt, and it is contended on the creditor's behalf that the court should permit the claim to be allowed rather than let the deposited dividend upon it go back to the bankrupt. I held in Re French (D. C.) 181 Fed. 583, that a claim barred by section 57n has no standing before the bankruptcy court in composition proceedings, and I am now unable to see any reason for doubting the correctness of the ruling. That section 57n is prohibitory, and leaves the court no discretion to extend the time, has been often held. A very recent decision to that effect is In re Meyer (D. C.) 181 Fed. 904. No reason for the failure to prove this claim in time, other than forgetfulness on the creditor's part, is suggested. If the bankrupt had asked to be excused from depositing a dividend on this claim, on the ground that it had become barred, I do not see how his request

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

could have been **refused**. This creditor would have had no standing to oppose it. The fact that the deposit made covered this claim I am unable to regard as avoiding the prohibition of section 57n in its favor, or as enlarging the court's discretion.

The referee's order is therefore approved and affirmed.