## HALEY v. POPE.

### In re HALEY.

**(Circuit Court of Appeals, Ninth Circuit. July 14, 1913.)**

#### No. 1,997.

BANKRUPTCY (§ 405*)—RIGHT TO OPPOSE DISCHARGE—"PARTY" IN INTEREST.
　　One scheduled by a bankrupt as a creditor is prima facie a "party in interest," and entitled to oppose the granting of a discharge, although he has not proved his claim.

　　[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 709–711; Dec. Dig. § 405.*

　　For other definitions, see Words and Phrases, vol. 4, pp. 3702–3706.]

Petition to Revise in Matter of Law a Certain Order of the District Court of the United States for the Southern Division of the Southern District of California; Olin Wellborn, Judge.

In the matter of A. L. Haley, bankrupt. On petition to revise an order refusing a discharge. Affirmed.

R. L. Horton, of Los Angeles, Cal., for petitioner.

Shankland & Chandler, of Los Angeles, Cal., for respondent.

Before GILBERT and ROSS, Circuit Judges, and DIETRICH, District Judge.

ROSS, Circuit Judge. This being a petition to revise an order of the District Court affirming the findings of fact and the report made by the special master, we must accept the facts as found by him as conclusive, as our inquiry concerns only matters of law. From the findings so made it appears that Haley was duly adjudged a bankrupt June 17, 1909; that a meeting of his creditors was duly called, and held before the referee July 13, 1909, at which meeting the Los Angeles Trust Company was duly appointed trustee of the bankrupt's estate. It further appears from the findings and report of the special master that Haley, being an architect, caused a corporation to be organized under the laws of the state of California on the 16th day of March, 1906, called A. L. Haley Architect Company, to which corporation he transferred all of the business and good will theretofore acquired by him as such architect, and that he had 1 share of the stock of the corporation issued to himself, 1 share each issued to L. M. Lucas and A. Reef, and 1,250 shares for the "good will of the business" issued to one Allen B. Butt—the directors of the company being A. L. Haley, L. M. Lucas, and A. Reef; Haley being the president and Lucas the secretary, and Reef being employed in the office as chief draftsman.

It appears that after the organization of the corporation all of Haley's business as architect was done through it, and that he procured Butt to assign the 1,250 shares of stock issued in his name to one Mrs. Greenwood as security for a loan in the sum of $2,000 claimed by Haley to have been made by Mrs. Greenwood to him.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The findings are to the effect that Haley was the real owner of the 1,250 shares. No dividends were paid on any of the stock. Haley continued to transact all of the architect business after the formation of the corporation as before, and drew a salary of $250 a month under the guise of an employé of the company, and took from the company, under a resolution authorizing him to do its business, moneys aggregating over $10,000. The stock was not mentioned in the schedules of the bankrupt, either as his property or as his having any interest in it. On the books of the corporation it continued to stand in the name of Butt. The master found that Haley took up the "scheme of converting his property and the good will of his business into a corporation known as 'A. L. Haley, Architect, Incorporated,' so that it might not be within the reach of his creditors, and that he could enjoy the benefits of it without accounting therefor to any one whomsoever." It appears from the findings that one Fish, prior to the bankruptcy proceedings, recovered a judgment against Haley in the superior court of Los Angeles county for $1,054.66, which judgment, in the name of Fish as creditor, was listed as a claim by the bankrupt in his schedules filed June 17, 1909, and which judgment was assigned by Fish to John D. Pope. Pope did not prove his claim, but more than a year after the adjudication filed objections to the bankrupt's application for his discharge, in which opposition the objecting creditor was joined by the trustee company—the grounds of the opposition being that the bankrupt had made a false oath in respect to the transfer of the 1,250 shares of stock to Mrs. Greenwood as security for a pretended loan for $2,000, and that the bankrupt, with intent to conceal his financial condition, failed to keep books of account or records from which such condition might be ascertained, and had concealed, while bankrupt, from the trustee, the 1,250 shares of the stock of the A. L. Haley Architect Company.

The particulars in which the court is alleged to have committed error are the following:

"1. In sustaining the findings that John D. Pope could object to the discharge of said bankrupt upon the ground that he failed to show himself as a party in interest, as required by law.

"2. In sustaining said report that the said bankrupt concealed his property, or any part or portion thereof.

"3. In affirming the finding of the said master that the bankrupt has been guilty of having made false oath.

"4. In affirming the report of the said master that he failed to keep books of account.

"5. In denying the application for the discharge of the said bankrupt.

"6. In allowing the said John D. Pope costs."

It is manifest that the matters embraced by the above subdivisions 2, 3, and 4 relate to the facts of the case, and, inasmuch as the master found affirmatively in respect to each of them, and the court affirmed the findings, they are here conclusive.

Upon the facts as appearing from the record Pope was not precluded from making objection to the discharge applied for, for it appears that when the bankruptcy matter first came up for hearing before the referee it was stipulated by the parties that the assignment

made by Fish of the judgment obtained by him against Haley to Pope should be received in evidence subject only to objection to its relevancy. Subdivision b of section 14 of the Bankruptcy Act approved July 1, 1898 (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]), as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 (U. S. Comp. St. Supp. 1911, p. 1496), provides:

"The judge shall hear the application for a discharge, and such proofs and pleas as may be made in opposition thereto by parties in interest, at such time as will give parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application and discharge the applicant unless he has (1) committed an offense punishable by imprisonment as herein provided; or (2) with intent to conceal his financial condition, destroyed, concealed or failed to keep books of account or records from which such condition might be ascertained; or (3) obtained property on credit from any person upon a materially false statement in writing made to such person for the purpose of obtaining such property on credit; or (4) at any time subsequent to the first day of the four months immediately preceding the filing of the petition transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed any of his property with intent to hinder, delay, or defraud his creditors; or (5) in voluntary proceedings been granted a discharge in bankruptcy within six years; or (6) in the course of the proceedings in bankruptcy refused to obey any lawful order of or to answer any material question approved by the court."

As said by the court in the case of In re Levey (D. C.) 133 Fed. 572, there is no express provision in the statute declaring who may oppose the discharge. In the case cited the court held that a trustee in bankruptcy, so long as the estate is unsettled, and so long as he is claiming and seeking to recover property or money from the bankrupt alleged to belong to the estate and to be wrongfully withheld or concealed, is a "party in interest," and may file and prosecute specifications of objections to the bankrupt's discharge.

In the case of In re Barrager (D. C.) 191 Fed. 247, it was held that, where certain persons were named in the bankrupt's schedules as creditors, that fact constituted prima facie evidence that they were creditors and entitled to oppose the granting of a discharge, though they had not filed or made formal proof of their claims—citing numerous cases.

In the present case, as has been seen, the bankrupt had listed the judgment held by Pope in the name of Pope's assignor. See, also, Collier on Bankruptcy (10th Ed.) p. 262; Brandenburg on Bankruptcy, § 347; Loveland on the Law and Proceedings in Bankruptcy, pp. 738, 739.

The petition is dismissed, with costs against the petitioner.