In re ATLANTIC CONST. CO.

Ex parte ATLANTIC CONST. CO.

(District Court, S. D. New York.  December 30, 1915.)

BANKRUPTCY ⟞378—COMPOSITIONS—AMOUNT OF DEPOSIT.

Bankruptcy Act July 1, 1898, c. 541, § 12b, 30 Stat. 549 (Comp. St. 1913, § 9596), provides that an application for the confirmation of a composition may be filed after acceptance in writing by a majority in number of all creditors whose claims have been allowed, which number must represent a majority in amount of such claims, and after the consideration to be paid creditors and the money necessary to pay all debts having priority and the cost of the proceedings have been deposited in such place as shall be designated by the judge. Section 57n (Comp. St. 1913, § 9641) provides that claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication with certain immaterial exceptions. *Held*, that section 57n does not apply to compositions, and, where an offer of a composition was made within one year after the adjudication, all scheduled creditors were included in the offer, though they failed to prove their claims within the year, and the deposit must be sufficient to cover the agreed dividend to such creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 601; Dec. Dig. ⟞378.]

In the matter of the Atlantic Construction Company, bankrupt. On motion by the bankrupt to confirm a composition. Referee's ruling denying the motion affirmed.

Motion to confirm a composition. The adjudication was on October 1, 1914; the offer of 75 cents in composition was filed with the referee on August 20, 1915; the petition for confirmation of the composition, which had been accepted under section 12b, was filed on December 15, 1915. The question is whether the bankrupt's deposit must include those claims proved after October 1, 1915, or only those filed before; the referee has declined a certificate until the deposit covers all claims scheduled.

Anderson, Iselin & Anderson, of New York City, for bankrupts.
Krauthoff, Harmon & Mathewson, of New York City, for trustee.

LEARNED HAND, District Judge. .A composition arises from
the acceptance of an offer to the creditors to purchase the estate. In
this case the offer was made before the year was up, and it can only
be interpreted as made at that time to all those who are shown on
the schedules. The bankrupt could not tell who would prove before
October 1, 1915. It could not have been within his purpose, therefore,
to exclude A., B., or C., who might fail to do so. There is no ad-
ministrative reason why failure to prove should work a forfeiture of
the offer so made. When the estate is to be administered it is neces-
sary to put a period to the proving of claims, because the rate of div-
idend depends upon what claims are proved. Not so in a composition
(Re Fox, 6 Am. Bankr. Rep. 525), because the dividend is necessarily
fixed by the bankrupt upon the schedules alone. To include claims
not proved within the year would undoubtedly create a bad situation,
if such claims might vote upon the composition, since those alone should
vote who have an option to administer or to accept the offer; but
section 12b provides against that by putting the acceptance into the
hands of those only who have proved before the application to con-
firm. Thus, while the offer is made to all, the right to accept is given
only to those who have any option.· It does not, however, follow
that in accepting they do not accept to the full extent of the offer, and
do not include those who may not prove till after the year is past. Cer-
tainly, their acceptance covers all those mentioned in the schedules who
have not proved but who shall before the year is up. Why should it
not cover the rest mentioned in the schedules? Section 57n seems to
me to have no application whatever to the situation; it concerns only
proving claims against the bankrupt estate, and that is quite irrelevant
to an offer to the bankrupt's creditors.

If the offer were made after the year expired, so that the bankrupt
knew the only creditors who could in any event administer his estate,
the result might well be different. That question I leave till it arises,
but obviously one of the rights of the creditors might be to have as
large as possible an offer from the bankrupt·to weigh against their
own administration of the estate. Obviously the bankrupt cannot
make as large an offer if he must include scheduled creditors who have
not proved. · Such considerations do not apply when the bankrupt
makes his offer before the year is up, because at that time he must
take the chance in any event that all who are scheduled may prove. '

There is no case which deals with the subject but Re Brown (D. C.)
123 Fed. 336, in which a creditor was not allowed to take his dividend
though the composition had been confirmed before the year was up.
Why he should have been compelled to prove against an estate which
had been redelivered to the bankrupt is not apparent to me. Re
French (D. C.) 181 Fed. 583,· does not touch the case at bar, because
the offer was made after the year had expired; it falls within the
proviso suggested above and may well have been correct. Re Lane
(D. C.) 125 Fed. 772, turns upon whether a dilatory creditor may take

the dividend of one who did not claim the dividend. It does not appear whether the offer was made before or after the year was out, but in any event the composition had been confirmed upon a deposit appropriated only to creditors who had filed. Re Rider (D. C.) 96 Fed. 808, and Re Harvey (D. C.) 144 Fed. 901, were each cases where the confirmation was asked before the year was up—a situation which does not present the question here. Re Fox, 6 Am. Bankr. Rep. 525, a decision by Mr. Remington while referee, and of most respectable authority, does not state the facts in the report, and I cannot say what it decides. Some of the language goes further, if taken most broadly, than it is necessary to go in this case.

The ruling of the referee is affirmed, and the composition will not be confirmed unless the bankrupt deposit a sum sufficient to pay the dividends of all creditors scheduled.