## In re BICKMORE SHOE CO.

### (District Court, N. D. Georgia. January 22, 1920.)

1. BANKRUPTCY ⬅️328—COMPOSITION DOES NOT EXTEND TIME FOR FILING CLAIMS.

The fact that a composition has been confirmed, and the fund ordered applied in payment of claims filed and allowed and those thereafter filed and allowed, does not operate to extend the time for filing claims beyond one year after adjudication, as limited by Bankruptcy Act, § 57n (Comp. St. § 9641), nor has the court authority to allow claims filed after expiration of that time.

2. BANKRUPTCY ⬅️387—COMPOSITION A "BANKRUPTCY PROCEEDING."

A composition is a "bankruptcy proceeding," the consideration paid being but a permitted substitute for the bankrupt estate, to be administered by the court under the same restrictions and procedure, so far as applicable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bankruptcy Proceedings.]

In Bankruptcy. In the matter of the Bickmore Shoe Company, bankrupt. On application by bankrupt for refund of unexpended part of composition fund, and by the J. D. Murphy Shoe Company for allowance of claim. Creditor's application denied, and bankrupt's granted.

Smith, Hammond & Smith, of Atlanta, Ga., for claimant.

Little, Powell, Smith & Goldstein, of Atlanta, Ga., for bankrupt.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SIBLEY, District Judge. On a voluntary petition in bankruptcy, adjudication was made July 3, 1918. August 23, 1918, the bankrupt petitioned for a meeting of creditors to consider a composition of "40 per cent. in cash in full settlement of all unsecured claims." The composition having been accepted by the requisite majority, on September 21, 1918, the composition was confirmed, and the distribution of the consideration ordered. The order directed payment according to the terms of the composition to claims "which have been filed and allowed" and also to those "which hereafter are filed and allowed." On October 3, 1919, the bankrupt petitioned that the trustee, into whose hands the consideration had been paid, be required to refund to him the amount remaining. A rule nisi against the trustee was answered, to the effect that certain creditors had not proven their claims, and for this reason a refund was not in order. Thereupon these creditors were required to show cause why the refund should not be made. The J. D. Murphy Shoe Company alone answered, filing, on January 6, 1920, together with a proper proof of their claim, an answer excusing the failure to file it theretofore only by saying that at the time of the bankruptcy the credit man of their firm was in the army, and was not discharged until January 7, 1919, when the matter was overlooked. No denial is made that proper notices of the proceedings above recited were received by them, and the record shows that such were given.

The bankrupt opposes the allowance of the proof of debt, because not made within 12 months from the adjudication. The creditor claims that the consideration deposited included 40 per cent. of his debt; that the right to have it is a contract right under the composition; that no one has been hurt by the delay to claim it except himself; that the bankrupt has received his property and a discharge from his debts under the composition, and should not be heard to deny an opposite party the benefit that was to come to him. It is further urged that payment is expressly required by section 14c of the Bankruptcy Act:

"A confirmation of a composition shall discharge the bankrupt from his debts, *other than those agreed to be paid* by the terms of the composition and those not affected by a discharge." Comp. St. § 9598.

On the other hand, the bankrupt contends that the court is precluded from entertaining a proof of the claim at this date by section 57n:

"Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication, or if they are liquidated by litigation and a final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment: Provided the rights of infants and insane persons without guardians, without notice of the proceedings, may continue six months longer." Comp. St. § 9641.

[1] 1. Noticing first the provision as to discharge, it is sufficient to say that no question of discharge is here involved. The question is rather one of limitation. It may be that the creditor's right to 40 per cent. of his debt continued under the composition and was not discharged by its confirmation, but the question whether he may *now* assert that right is a totally different one.

2. The right of the creditor as against the bankrupt is an appealing one, and the court would be inclined to sustain it; but it must be remembered that limitations are provided, not for the benefit of the debtor, but for the benefit of society and the relief of the courts. In every case of a debt by contract, where limitation is relied upon, it may well be that the debtor has received the full consideration due him, and that the creditor's claim is honestly due, yet it is well established that the limitation will be enforced, unless exceptions have been provided, and the creditor is within them. That section 57n of the Bankruptcy Act is a statute of limitation, and will be enforced as such, and that it excludes discretion on the part of the court, has been repeatedly determined. In re Peck, 168 Fed. 48, 93 C. C. A. 470; In re Lathrop, Haskins & Co., 197 Fed. 164, 116 C. C. A. 601. It is clear that the creditor, if his case be within the statute, has not brought himself within any exception to it; nor has he shown any reasonable excuse whatever for not having attended to his rights in the bankruptcy proceeding within the time fixed by law.

[2] 3. But it is contended that section 57n on its face applies only to claims "against the bankrupt estate," and that in this case a composition is involved, and not a bankrupt estate. It is urged that in the former case a proof of claim is necessary in order to participate in the administration and distribution of the estate, but a composition presents a wholly different matter, rather outside of the bankruptcy proceeding, and covered, not so much by the principles of judicial procedure, as by the terms of the contract. It cannot be successfully maintained that a composition is not a part of the bankruptcy procedure. While it depends for its effect upon an acceptance by a majority in number and amount of the creditors, it is only of "creditors whose claims have been allowed." Section 12b. The allowance is itself court action. The composition is of no avail, unless confirmed by the court after a judicial hearing. It results, not alone in a contract between those who have assented, but in a judgment imposing its terms upon those who have not assented, and establishes consequences declared by the law independent of stipulation in the contract, such as that the title to the bankrupt's property shall revest in him, and that a discharge from his debts, with fixed exceptions, shall result.

The Bankruptcy Act of 1867 (14 Stat. 517) contained no provision for composition. This was added by an act of 1874 (18 Stat. 178). The contention was made in Wilmot v. Mudge, 103 U. S. 217, 26 L. Ed. 536, that a composition was aside from the bankruptcy proceeding, and provisions of the Bankruptcy Act as to what debts were dischargeable in bankruptcy had no application to a composition. The court denied this argument, holding that the act of 1874 must be construed with that of 1867, and that its provisions as to discharge should be held to relate to composition proceedings, saying:

"The composition proceeding is therefore a part of the proceeding in bankruptcy, and one of the modes which the bankrupt law authorizes of releasing the debtor and securing to his creditors an equal share of his means. * * * As we have * * * said, these several statutes, sections, and provisions are to be construed as parts of one entire system of bankrupt law."

This principle of construction was repeated as to the present act in Cumberland Glass Manufacturing Co. v. De Witt, 237 U. S. 447, 35 Sup. Ct. 636, 59 L. Ed. 1042. It may fairly be said that the consideration paid for a composition is but a permitted substitute for the bankrupt estate, and, save that it may be more simply administered, it is to be handled, so far as the court is concerned, under the same restrictions and procedure so far as applicable. It is urged that in cases of composition no conflict between the claims of one creditor and another could arise, but that any conflict would be between a creditor and the bankrupt, and that the same reasons for limiting the time of proof and for making contest over a creditor's claim do not exist in the one as in the other. While it is true that in the present case a percentage to each unsecured creditor is offered, and the observation made would apply, this need not be true in all cases, for the consideration, so far as the terms of the act is concerned, need not even be money, much less need it be a percentage on the claims of the creditors. It may consist of an entire sum paid in consideration of the release of the bankrupt's property, without regard to the percentage that it may yield to the creditors. In such case manifestly the rights of the creditors would be in conflict one with another, and the bankrupt would have no interest in the adjustment of them, and exactly the same considerations would apply in requiring promptness on the part of creditors in proving their claims as would apply were the estate regularly administered.

The law must be interpreted in the light of all cases and situations that may arise under it; and in a case like the present the same chances for dispute over the allowance of the claim, the same reasons why the court and its officers should be promptly relieved of the custody, and direction of the fund in its hands, still remain. Remembering that the limitation is for the good of the public and the protection of the court, rather than of the person in whose favor it operates, it must be said that no reason can be seen why Congress should not have intended this limitation to apply to all proofs of claim. It is not true, as argued, that a proof of claim is unnecessary to share in a composition. No such adjudication has been produced. In order to vote upon the acceptance of a composition, the claim of a creditor must have been allowed. Section 12b. This is in line with the general provision of section 56a (Comp. St. § 9640), recognizing as voters only creditors whose claims have been allowed. Dividends are to be paid only to claims that have been allowed. Section 65 (Comp. St. § 9649). Allowance amounts practically to a judgment of the court that the claim is due. The law intends that a debt shall be shown to the court, not only by the bankrupt's oath in his schedule, but by the creditor's oath in his proof, and with a definiteness and detail that are specially prescribed in section 57. So long as the proceeding is in court, and so long as the court is directing payment to creditors, the relaxation of these requirements is not contemplated.

But it is said that the bankruptcy case is dismissed on confirmation of a composition. This is a misconstruction of section 12e. This section does not direct the dismissal of the case on the confirmation of

the composition, but after "the consideration shall be distributed as the court shall direct." This clearly intends to continue control over the fund by the court until the distribution is completed.

It is yet further urged that by the amending act of 1910 a composition may be proposed, confirmed, and carried out without any adjudication at all, and there would be no point from which the 12 months' limitation should be held to run. But the section as amended, while permitting the offer of composition to be made before an adjudication, requires the filing of schedules and the calling of a meeting of creditors "for the allowance of claims," indicating a purpose to have claims allowed before they should vote or participate in the confirmation. It may be that necessity will require some analogy to be established between adjudication and the confirmation of composition which made adjudication unnecessary under the amendment, and that the date of the confirmation be taken as the starting point for limitation. But in this case no such question arises. The adjudication was had July 3, 1918, and the proof of claim was filed January 6, 1920.

The conclusion reached after an examination of these objections, some of them new and not without weight, is well supported by the decisions of other courts upon the same point. In re Brown (D. C.) 123 Fed. 336; In re Lane (D. C.) 125 Fed. 772; In re Blond (D. C.) 188 Fed. 452; In re French (D. C.) 181 Fed. 583. This view is adopted in 2 Loveland on Bankruptcy, § 704.

4. The order of distribution is not, as suggested, the law of the case in a matter covered by the provisions of the act. Section 12, providing that "the consideration shall be distributed as the court may direct," has not reference to the persons who may participate of the prerequisites of participation fixed by the law, but to the mode and manner of distribution. The provision in this order for payment of "claims which are hereafter filed and allowed" must be taken as recognizing the necessity for proof and allowance, and the fact that the time therefor had not expired at the date of the order, but not as authorizing an indefinite extension of the time for allowance and a consequent indefinite delay in closing the proceeding.

No sufficient reason appears why the established construction of the act should be departed from. It will therefore be ordered that the application to prove the claim of J. D. Murphy Shoe Company be denied, and that the funds in the hands of the trustee be delivered to the bankrupt, and the trustee discharged.