NASSAU SMELTING & REFINING WORKS, Limited, v. BRIGHTWOOD BRONZE FOUNDRY CO. Petition of NASSAU SMELTING & REFINING WORKS, Limited. In re BRIGHTWOOD BRONZE FOUNDRY CO.*

(Circuit Court of Appeals, First Circuit. January 4, 1923.)

Nos. 1578, 1579.

Bankruptcy ⬅385—Creditor, who has not proved his claim within the year allowed, not entitled to share in composition.

Under Bankruptcy Act, § 57n (Comp. St. § 9641), providing that claims shall not be proved subsequent to one year after adjudication, and sections 12a, 12b (sec. 9596), permitting an offer of composition to be made and application for confirmation filed "after, but not before, it has been accepted in writing by a majority in numbers of all creditors whose claims have been allowed," a creditor who, after due notice and without fault of the bankrupt, has failed to prove his claim within the year, is not entitled to share in a composition.

Anderson, Circuit Judge, dissenting.

Appeal from, and Petition to Revise the Order of, the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

In the matter of the Brightwood Bronze Foundry Company. The Nassau Smelting & Refining Works, Limited, appeals from, and petitions to revise an order of, the District Court. Affirmed.

Joseph B. Jacobs, of Boston, Mass. (Jacobs & Jacobs, of Boston, Mass., on the brief), for appellant and petitioner.

Harry M. Ehrlich, of Springfield, Mass. (Henry Lasker, of Springfield, Mass., on the brief), for appellee and respondent.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a petition under section 24b of the Bankruptcy Act of 1898 (Comp. St. 9608) to revise in matter of law proceedings of the District Court for Massachusetts.

An involuntary petition in bankruptcy was filed in the District Court against the Brightwood Bronze Foundry Company on November 5, 1920, and on November 19, 1920, it was adjudicated a bankrupt. The bankrupt duly filed schedules of its property and a list of its creditors as required by section 7, clause 8, of the act (Comp. St. § 9591), and included in its schedules the present petitioner, the Nassau Smelting & Refining Works, as a creditor in the sum of $11,354.40. On February 12, 1921, and before the expiration of a year from the date of adjudication, the bankrupt made an offer of composition to its creditors, and a meeting of creditors to consider the offer was held February 25, 1921. On March 27, 1922, the Nassau Smelting & Refining Works, having failed to prove and file its claim for $11,354.40 within a year from adjudication, the bankrupt, the Foundry Company, petitioned the court to be permitted to deposit, to meet the composition offer, a fund sufficient to pay creditors whose claims had been proved and allowed within a year from adjudication, together with all reasonable expenses

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari granted 43 Sup. Ct. 519, 67 L. Ed. —-.

of administration. Notice of the petition having been given, the Nassau Smelting & Refining Works appeared and objected to the granting of the petition and asked leave to file its proof of claim. The petition to limit the amount of the deposit was granted, and the Nassau Smelting & Refining Works brought this proceeding to revise, and also appealed from the order.

It is conceded that the Nassau Smelting & Refining Works received due notice of all proceedings in bankruptcy, and it does not appear that its failure to have its claim proved and filed was due to any misconduct of the bankrupt. The sole question is whether the limitation placed upon the proof and filing of claims by section 57n of the Bankruptcy Act (Comp. St. § 9641) applies to composition proceedings under that act.

Section 57n, so far as here material, reads as follows:

"Claims shall not be proved against a bankrupt estate, subsequent to one year after the adjudication."

There can be no question but that in the ordinary bankruptcy case the claim of a creditor, although included in the bankrupt's schedules, in the absence of fraud practiced by the bankrupt, must be proved and filed within one year from the date of adjudication, and the question is whether, under the composition provisions of the act, a creditor's right to share in a composition offer is likewise limited.

By section 12a (Comp. St. § 9596) a bankrupt may offer terms of composition to his creditors after he has been examined in open court or at a meeting of his creditors, provided he has filed schedules of his property and a list of his creditors; and by subdivision "b" of the same section—

"An application for the confirmation of a composition may be filed in the court of bankruptcy after, but not before, it has been accepted in writing by a majority in number of all creditors whose claims have been allowed, which number must represent a majority in amount of such claims, and the consideration to be paid by the bankrupt to his creditors, and the money necessary to pay all debts which have priority and the cost of the proceedings, have been deposited in such place as shall be designated by and subject to the order of the judge."

By section 12e—

"Upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed. Whenever a composition is not confirmed, the estate shall be administered in bankruptcy as herein provided."

By section 14c (Comp. St. § 9598)—

"The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge."

Section 17 (Comp. St. § 9601) defines the debts not affected by a discharge.

Section 57, and subdivisions "a" to "m," inclusive, provide the method by which claims may be proved and allowed, and are applicable, whether the bankrupt is seeking a discharge through composition or through the administration and distribution of his estate in the ordi-

nary course, and, the method of proof being the same, it is difficult to see how Congress could have intended that the limitation provided by subdivision n of that section, which undoubtedly applies to the proof and allowance of claims under section 57 when the estate is administered in the ordinary course, should not also apply to composition, where there has been an adjudication in bankruptcy.

In the construction and application of these provisions in the Massachusetts district and elsewhere through a long series of years, a creditor, in the absence of fraud practiced upon him, has not been permitted to prove and file a claim after the expiration of a year from adjudication and participate in an offer of composition, and no sufficient reason has been suggested and none occurs to us for reaching a different conclusion. See In re Lane (D. C. Mass.) 125 Fed. 772; In re Blond (D. C. Mass.) 188 Fed. 452; In re French (D. C. Mass.) 181 Fed. 583; In re Brown (D. C. Col.) 123 Fed. 336; In re Bickmore Shoe Co. (D. C. Ga.) 263 Fed. 926.

In Re Lane, supra, decided by the District Court of Massachusetts in 1902, it appeared that the petitioner had failed through inadvertence to prove his claim within a year of adjudication, that the bankrupt had offered a composition which had been duly accepted and a sufficient deposit made, that some of the creditors had failed to claim their dividends, and that the petitioning creditor sought to prove his claim and obtain payment from the surplus left in the hands of the court. It was held that the petition to be allowed to prove the claim should be denied. In re Lane was cited with approval by the Supreme Court in Cumberland Glass Co. v. De Witt, 237 U. S. 447, 453, 35 Sup. Ct. 636, 59 L. Ed. 1042 (1915), and, such being the case, we regard it as indicating that that court considered section 57n applicable to proof of claims in composition.

Then again, as section 12a, as amended in 1910, provides that "a bankrupt may offer, either before or after adjudication, terms of composition to his creditors, etc.," it is contended that a composition may be had without adjudication, and if a composition were had without adjudication there would be no time fixed from which the year would run to bar the proof of claims under section 57n. But, notwithstanding a bankrupt may offer composition before adjudication, it does not follow that adjudication may not thereafter be had for the purpose of barring claims. The act, as a whole, contemplates, and the language used in section 12 implies, that adjudication may and will be had, if it is desired to bar the proof of claims, or if composition has for any reason failed and the estate is to be administered in the ordinary course (section 12e). Composition is a proceeding in bankruptcy (Wilmot v. Mudge, 103 U. S. 217, 26 L. Ed. 536), and, as the proof of a claim may be barred where the estate is administered in the ordinary course, there is no reason why it may not be barred when composition is had by taking the necessary steps to fix the time from which the statute may run.

The appeal is dismissed, with costs to the appellee. In the proceeding to superintend and revise it is ordered that the decree of the

District Court be affirmed, with costs to the Brightwood Bronze Foundry Company.

ANDERSON, Circuit Judge (dissenting). I cannot concur. I think section 57n has no application to composition proceedings. No one can contend that it applies to composition before adjudication. In recent years more than two-thirds of the composition cases in this district have been without adjudication. In such cases there is no adjudication from which to date the year, nor any bankrupt estate; the debtor is never divested of his estate under section 70a (Comp. St. § 9654), and, on confirmation, it never revests under section 70f. As matter of literal construction, the words, "Claims shall not be proved against a *bankrupt estate* subsequent to one year after the *adjudication*," clearly cannot be applied to proceedings which lack both "adjudication" and "bankrupt estate."

But if section 57n cannot apply, in cases of composition *before* adjudication, it ought not to be arbitrarily applied in cases of composition *after* adjudication. Obviously, the rights of scheduled creditors in composition cases should be the same whether composition precede or follow adjudication.

If, turning from a literal application of the words of section 57n, we consider the reason thereof, the conclusion is the same. In ordinary bankruptcy the bankrupt has no interest in his estate. It belongs entirely to his creditors. In re Morton (D. C.) 118 Fed. 908. In such cases, every creditor is adverse to every other creditor. The fewer the creditors the larger the dividend. Section 57n is therefore a statute of limitation in favor of creditors in order that the distribution of their estate may be speeded. In re Lane (D. C.) 125 Fed. 772, 773. But in composition, there are only two parties—the debtor on one side, and the creditors as a class on the other side. The debtor, instead of giving up his estate for distribution by a trustee seeks to bargain with his creditors and invoke the composition machinery of the act in order to coerce a possibly recalcitrant minority.

I think that every creditor scheduled as such, and whether he proves or not, has a right to avail of the debtor's offer "to his creditors"; that the debtor is estopped to deny the right of those he has scheduled as creditors to have the benefit of his offer to his creditors. Scheduled creditors, whether proving or not, have rights against the debtor. Cf. Haley v. Pope, 206 Fed. 269, 124 C. C. A. 330. In the present, as in the usual case, the offer was, as required by section 12, to his creditors.

Composition first came into our Bankruptcy Law in 1874, and was modeled on the English Bankruptcy Act of 1869. In re Scott, Fed. Cas. No. 12519; Cumberland Glass Co. v. De Witt, 237 U. S. 447, 453, 35 Sup. Ct. 636, 59 L. Ed. 1042; In re Holmes, 15 Blatch. 170, Fed. Cas. No. 6,632. But while the Bankruptcy Act provides machinery to facilitate this bargaining between debtor on the one side and creditors as a class on the other side composition "is in some respects outside of the act," by Mr. Justice Day in Cumberland Glass Co. v. De Witt, 237 U. S. 447, 453, 35 Sup. Ct. 636, 59 L. Ed. 1042; In re

Lane (D. C.) 125 Fed. 772. In underlying theory, composition is like an assignment for the benefit of creditors, which operates as an extra-judicial compounding with creditors. Compare G. L. Mass. c. 203, § 41. The debtor must file a schedule of his creditors, and may then, either before or after adjudication, make an express offer to pay *his creditors,* in cash or securities, a named percentage of their claims. It is not an offer to buy his estate from a trustee; for in the usual case, since the amendment of 1910, there is no trustee. He must offer to pay, and deposit the amount necessary to pay, the named percentage to all his scheduled creditors. Compare In re Harvey (D. C.) 144 Fed. 901. Creditors not scheduled, or without notice or actual knowledge of the proceedings in bankruptcy, are not affected by a discharge, or a confirmation of composition, the equivalent of a discharge. Section 17 (3).

The fact that section 12 provides for the allowance of claims in composition proceedings ought not to mislead us as to the application of section 57n. Of course, when, after adjudication, a composition offer is made and claims are presented for allowance, the situation created *seems* like that arising in ordinary bankruptcy. But, on analysis, it is apparent that a meeting of creditors and the allowance of claims, either after or before adjudication, are merely conditions precedent for determining whether the majority in number and amount of the creditors proving accept the debtor's composition offer. Such proceedings are the necessary means of providing for creditor determination, for or against ordinary bankruptcy. In ordinary bankruptcy, proof of claims is requisite in order to determine the rights of creditors, inter sese, in an estate in which the debtor has no interest whatever. But in composition cases proof of claims is necessary in order to create the proper voting constituency to act on the debtor's offer to compound with his creditors in a bargain essentially outside of real bankruptcy. It is like registering in order to vote at a political election. Compare In re Atlantic Construction Co. (D. C.) 228 Fed. 571; In re Fox, 6 Am. Bankr. Rep. 525.

Nonproving creditors lose their right to vote; they should not lose their right to receive what their debtor has offered them. The statute (section 12e) does not require that the consideration be paid to proving creditors only. "The consideration shall be distributed as the judge shall direct." No reason is suggested why every scheduled creditor, whether proving or not, and every proving creditor, whether scheduled or not, should not receive his due proportion of the consideration. So proceeding, the consideration deposited is all distributed to creditors scheduled or proving, and "the case dismissed." Section 12e. There is no use for any statute of limitations. The debtor, by scheduling creditors, puts them in court for the purpose of receiving what he offers in composition; any nonscheduled creditors who prove are also thus in court.

If we turn to the decided cases, we get little or no help. No Court of Appeals has ever held section 57n applicable in composition proceedings.

Judge Lowell's decision in Re Lane (D. C.) 125 Fed. 772, was in 1902, long before, under the amendment of 1910, composition without adjudication was authorized.

I can find nothing in the opinion of the Supreme Court in the Cumberland Glass Case, 237 U. S. 447, 453, 35 Sup. Ct. 636, 59 L. Ed. 1042, indicating that that court even considered the question now before this court. In that case, the court was dealing, in a composition proceeding, with set-off under section 68a, dividing, five to four, on a question entirely remote from the one now before us. In the majority opinion, Mr. Justice Day said:

"The nature of composition proceedings is nowhere better stated than by Judge Lowell in Re Lane, 125 Fed. 772, 773."

The justice then quotes at length from Judge Lowell's opinion, but ends his quotation with Judge Lowell's discussion of the general nature of composition proceedings, omitting the sentences containing Judge Lowell's conclusion that section 57n might, in composition cases, be invoked by a debtor against a scheduled creditor who had not proved within the year. This omission is inconsistent with the view that the Supreme Court was thus, by indirection, approving a doctrine entirely foreign to the question then before that court. I think Judge Lowell's conclusion inconsistent with his own reasoning.

The view of the majority that, even after the amendment of 1910, "it does not follow that adjudication may not thereafter be had for the purpose of barring claims," does not seem to me tenable. The purpose of the amendment of 1910 was to authorize composition without adjudication. By necessary implication it excludes adjudication as a necessary element in composition proceedings.

In no District Court decision subsequent to the act of 1910 do we find any satisfactory discussion of what is now the typical situation—composition without adjudication. See In re Englanders, Inc. (D. C.) 267 Fed. 1012; Haley v. Pope, 206 Fed. 266, 124 C. C. A. 330; In re French (D. C.) 181 Fed. 583; In re Bickmore Shoe Co. (D. C.) 263 Fed. 926.

Judge Learned Hand's views, so far as expressed in Re Atlantic Construction Co. (D. C.) 228 Fed. 571, seem nearly, if not quite, in accord with mine. He says:

"Section 57n seems to me to have no application whatever to the situation; it concerns only proving claims against the bankrupt estate, and that is quite irrelevant to an offer to the bankrupt's creditors." 228 Fed. 572.

I do not think it can be held that section 57n applied to composition cases before the amendment of 1910, and was by that amendment repealed pro tanto by implication. The situation seems rather to be that, before that amendment, the real nature of composition proceedings was not seen in clear perspective.

But the amendment of 1910 brings out in bold relief the real nature of composition proceedings. In essence now a composition before adjudication is a prevention of bankruptcy, a method of avoiding bankruptcy. It contrasts with real bankruptcy, for the debtor, instead of asking to have or submitting to having, his estate taken from him for

the benefit of his creditors, seeks to bargain with his creditors, invoking the composition provisions of the act merely for the purpose of coercing an objecting minority.

I find it impossible to see how a debtor who has offered to pay every one of his scheduled creditors a named percentage—provided a majority in number and amount of those proving assent, and the court confirms it—can thereafter be heard to say that his offer applies only to those who have proved. Apart from the technical aspects of this question, it is clear that such construction increases the opportunity for fraud, already sufficient under the composition provisions of the act. In the case at bar, the debtor offered on February 12, 1921, 25 per cent. to a list of scheduled creditors whose claims aggregated $46,630.73. But in some fashion, whether as a result of the debtor's strategy or not does not appear, proceedings were delayed until March 27, 1922, when the debtor filed a petition for permission to deposit the requisite amount. While the case lay dormant more than 13 months, creditors whose claims aggregated $12,562.23 neglected to prove their claims. And the debtor now seeks to invoke section 57n, intended to speed the distribution of a real bankruptcy estate, in order to cut off more than one-quarter of his own admitted creditors from receiving the 25 per cent. offered. True, there is nothing in this record indicating fraud or lack of notice. But the case illustrates the additional opportunities for fraud afforded by misapplying a statute of limitations, intended for creditors only, to a situation where it may redound greatly to the benefit of a debtor.

My views are, in essence, those stated by Referee Remington in 1901 (In re Fox, 6 Am. Bankr. Rep. 525, 530):

"It is even doubtful whether the year's limitation for proving claims 'against bankrupt estates,' laid down in section 57n, has any application to composition cases; no particular reason exists for requiring creditors to prove their claims at all, since the bankrupt is the only one who is interested in contesting them, and he is estopped by his schedules, except in cases of mistake or fraud. There being no necessity for proof of claims by creditors, what is the applicability of a limitation for proving claims?"

I am aware that for many years the practice has been to require proofs in composition cases, and that some District Courts have applied the limitation of section 57n. But I find nothing in the act, or in any decision binding on us, warranting this practice. I believe it to be inconsistent with the underlying theory of composition, and that it frequently causes, as in this case, results wholly unjust.