## In re COOK.

(District Court, N. D. Georgia. May 3, 1924.)

**1. Bankruptcy ⬥328—Claim which bankrupt paid and creditor compelled to repay as voidable preference must file claim within 60 days of judgment; "liquidate claim."**

Where suit is brought to recover payment by bankrupt as voidable preference, and entire amount paid is recovered, proof of defendant's claim must be filed within 60 days of the judgment, and not of payment of judgment, to prevent it from being barred by Bankruptcy Act, § 57n (Comp. St. § 9641); to "liquidate a claim" meaning to determine by agreement or litigation its precise amount.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Liquidate.]

**2. Bankruptcy ⬥311(1)—Claim provable, though creditor forced to surrender preference.**

A claim is provable under Bankruptcy Act 57g (Comp. St. § 9641), though creditor was forced to surrender his preference.

**3. Bankruptcy ⬥320—Value of securities ascertained by litigation for deduction.**

The value of securities may be ascertained by litigation, for deduction under Bankruptcy Act, § 57h (Comp. St. § 9641).

**4. Bankruptcy ⬥320—Provable debt against bankrupt may be defended to liquidate it.**

Under Bankruptcy Act, § 11b (Comp. St. 9595), provable debt in suit against bankrupt may be ordered defended by trustee to liquidate it.

**5. Bankruptcy ⬥320—Liquidated debt must be proved to receive dividends.**

Under Bankruptcy Act, § 65 (Comp. St. § 9649), liquidated debt must be finally proved in order to receive a dividend.

In Bankruptcy. In the matter of L. L. Cook, bankrupt. From a judgment of the referee, disallowing the claim of the La Grange Banking & Trust Company, it appeals. Affirmed.

Little, Powell, Smith & Goldstein, of Atlanta, Ga., for objectors.
Lovejoy & Mayer, of La Grange, Ga., for La Grange Banking & Trust Co.

SIBLEY, District Judge. [1, 2] Cook was adjudged a bankrupt January 10, 1922. At the May term, 1923, of this court judgment was recovered against La Grange Banking & Trust Company for a large payment made it by the bankrupt as a voidable preference. On August 18, 1923, within 60 days after payment of the judgment, but more than 60 days after its rendition, the bank sought to prove its debt, which was, by the recovery, left unpaid. The claim was disallowed, as barred by Bankruptcy Act, § 57n (Comp. St. § 9641). That the claim was provable under section 57g, though the preference was not surrendered voluntarily, is settled by Keppel v. Tiffin, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790. That the judgment might have been molded so as to allow the dividend, if ascertainable, to be deducted from the recovery of the preference, was decided in Page v. Rogers, 211 U. S. 575, 29 Sup. Ct. 159, 53 L. Ed. 332. This was not attempted, but the full preference was repaid, and the full claim offered for proof.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[3-5] The amount of a provable debt may be in such contest as to require litigation to ascertain it. Such litigation is in effect that attacking the payment of a voidable preference; also the value of securities may be ascertained by litigation for deduction under section 57h. Under section 11b (Comp. St. § 9595) a provable debt in suit against a bankrupt may be ordered defended by the trustee to liquidate it. But a liquidated debt must, in every instance, be finally proved in order to receive a dividend. Section 65 (Comp. St. § 9649). The allowance of all allowable debts is dealt with in section 57n (Comp. St. § 9641), and all are covered by the limitation with which the section closes:

"Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment."

"To liquidate a claim is to determine by agreement or litigation the precise amount of it." Webster's International Dictionary; Bouvier's Law Dictionary.

That litigation to recover a preference is a liquidation by litigation has often been recognized for the purpose of allowing proof after 12 months from adjudication. Collier on Bankruptcy (13th Ed.) 1184, and cases cited. It must equally follow that the proof must be filed within 60 days of the rendition of the judgment which terminates the litigation. The time of its payment is immaterial. Payment might be suffered to be postponed to allow credit for the dividend. But the limitation on the proof of the claim is positive and absolute. Bickmore Shoe Co. (D. C.) 263 Fed. 926.

The referee's judgment is affirmed.